Luis A. **CAMPOS**, Plaintiff, Appellant,

v.

**MARINE TRANSPORT LINES, INC.,**
Defendant, Appellee.

No. 85–1395.

United States Court of Appeals,
First Circuit.

Argued Nov. 15, 1985.

Decided Jan. 2, 1986.

Harry A. Ezratty, San Juan, P.R., was on brief, for plaintiff, appellant.

William A. Graffam with whom David C. Indiano and Jiménez & Fusté, Hato Rey, P.R., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

**PER CURIAM.**

This case is before us on appeal from a summary judgment granted by the United States District Court for the District of Puerto Rico, dismissing an action brought pursuant to 46 U.S.C. § 688, the Jones Act, and general maritime law.

Appellant Luis A. Campos filed his complaint alleging that, while working as a seaman aboard the appellee's vessel, he sustained serious injuries when he bumped his head. He contends that this was the result of appellee Marine Transport Lines, Inc.'s failure to provide a safe work place and that the vessel was, therefore, unseaworthy.

The incident in question occurred during a dinner hour in mid September, 1984. Campos, who worked as a crew mess, was sent to get some ketchup. Campos asked the steward where the ketchup could be found and the steward directed him to a box in the storage room which was on the floor beneath a shelf. Appellant was familiar with the storage room, having gone there to get supplies on other occasions. It appears from the record, as well as the court's findings, that Campos had to bend down under the shelf to retrieve the ketchup. By his own testimony in a deposition, he did not remember that his head was beneath a shelf and upon getting up, he hit his head on the shelf. From such a banal scenario this suit resulted.

Finding no questions of fact, the district court held that by the appellant's own admission, he was responsible for his own injuries in that he simply forgot that the shelf was above him when he stood up, a conclusion which any reasonable person would have difficulty questioning.

On appeal, Campos argues that the court erred in finding that there were no material issues of fact in dispute. Additionally, he challenges the standards for negligence and unseaworthiness applied by the court below.

Having carefully reviewed the entire record in light of the appellant's argu-

ments, we find that the issues raised are meritless and frivolous. *See, e.g., Peymann v. Perini Corporation,* 507 F.2d 1318 (1st Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975); *Mitchell v. The Trawler Racer, Inc.,* 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). Accordingly, the decision of the court below is *affirmed, with double costs awarded to the appellee.*