865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohamed MADHIGI, Plaintiff-Appellant,
v.
LYKES BROTHERS STEAMSHIP CO., Defendant-Appellee.
 No. 87-2104.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1988.
 
 Before MERRITT and RYAN, Circuit Judges and JOHN W. POTTER, District Judge.*
 PER CURIAM.
 
 
 1
 This case was brought under The Jones Act and general maritime law. The issue on appeal is whether or not the district court erred in directing a verdict for defendant at the close of plaintiff's case. The trial judge held that plaintiff failed altogether to present evidence that defendant had been negligent or that the vessel was unseaworthy. We affirm.
 
 
 2
 Appellant is Mohamed Madhighi, who was employed as a cook aboard the M/V JEAN LYKES. Appellant filed this action to recover damages for injuries suffered on two occasions during the course of his employment. On August 11, 1985 appellant was preparing breakfast during the normal course of his duties and, while flipping fried eggs, he splashed hot grease onto his right hand and arm. On September 19, 1985, appellant was struck in the ribs by a heavy refrigerator compartment door while carrying pots of vegetables from the compartment. Appellant contends that his injuries were caused by appellee's negligence or, alternatively, that his injuries were caused by the vessel's unseaworthiness.
 
 
 3
 As to the negligence claim, "the standard of liability is that established by Congress under the Federal Employers' Liability Act, ...." Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521 (1957). In applying the standard, "[j]udicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506-507 (1957) (footnote omitted). See also Carlton v. M/G Transport Services, Inc., 698 F.2d 846, 847 (6th Cir.1983) (test for submission to jury whether proofs reasonably justify conclusion that employer negligence played even slightest part in producing injury). "That only the slightest negligence need be shown to uphold the award of damages in such cases does not mean, however, that the seaman may prevail on no evidence at all." Perry v. Morgan Guarantee Trust Co. of New York, 528 F.2d 1378, 1380 (5th Cir.1976).
 
 
 4
 The August 11, 1985 incident occurred during the first two hours of appellant's shift. The evidence at trial established no more than that he was preparing an order of fried eggs and while doing so splashed hot grease on his hand and arm. Appellant was performing his assigned duties as second cook, as he had done prior to August 11 and continued to do thereafter. There is simply no evidence that anyone other than appellant was responsible for the injury. On September 19, 1985, appellant entered a refrigerated compartment known as the "dairy box" to retrieve vegetables. As he entered he latched open the heavy door and gathered several pots of vegetables. When he had completed the task, he released the latch and was injured in attempting to close the door while exiting the dairy box with his arms full of pots. Again, on the evidence produced at trial the only reasonable conclusion is that appellant was responsible for his own injury. See Campos v. Marine Transport Lines, Inc., 780 F.2d 165 (1st Cir.1986) (seaman who bent down under shelf and struck head upon getting up responsible for own injury).
 
 
 5
 Appellant argues on appeal that the vessel was unseaworthy because the galley crew was undermanned. The doctrine of unseaworthiness extends to the crew where too few men are assigned to the job to be done. Waldron v. Moore-McCormack Lines, Inc., 386 U.S. 724 (1967). In Waldron, the injured seaman presented expert evidence that two men had been assigned to a task which required three or four to be performed safely. Id. at 725. In order to avail himself of this theory, appellant would have had to establish that the tasks he was performing while injured required more than one crewman, which he failed to do. Finally, there was no evidence presented from which a jury could determine that the dairy box door latch was defective or that the doorway was inadequate as a means of ingress or egress.
 
 
 6
 Upon careful review of the entire record, with particular attention to the trial transcript, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation