**Ahmed B. ALRAYASHI, Plaintiff,**

v.

**ROUGE STEEL COMPANY, Defendant.**

**No. 87–CV–73664–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 11, 1989.

D. Michael O'Bryan, Birmingham, Mich., for plaintiff.

Richard C. Sanders, Barbara F. Kukuk, Detroit, Mich., for defendant.

## MEMORANDUM OPINION
## AND ORDER

ZATKOFF, District Judge.

Plaintiff brings this action for alleged injuries suffered in the course of his employment on Defendant Rouge Steel Company's vessel, the William Clay Ford. Plaintiff asserts a right to recovery under the Jones Act, 46 U.S.C.App. § 688, for negligence, and general admiralty and maritime law for unseaworthiness and maintenance and cure. Currently before the Court is defendant's motion for summary judgment.

The Federal Rules of Civil Procedure govern the procedure in admiralty actions. Fed.R.Civ.P. 1. Although the negligence standard in Jones Act actions is relaxed from that applied in traditional common law tort actions, the threshold determination as to whether there exists a genuine issue of material fact remains constant, i.e. this Court must apply the standards set forth in Fed.R.Civ.P. 56.

 Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judg-

ment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2553; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (footnote omitted)).

## FACTS

On July 14, 1987, plaintiff was employed on defendant's vessel, the William Clay Ford. The passenger dining room of the vessel was carpeted. In order to protect the carpeting from dirt that may have accumulated on the shoes of seamen employed on the vessel, defendant covered the carpet with canvas runners secured in place by duct tape. The canvas would be removed whenever it became dirty or when non-seamen passengers were expected aboard.

On the date of injury, plaintiff was instructed to remove the canvas runners from the passenger dining room. The dining room contained several removable chairs and at least one dining room table that was secured to the deck of the ship. Plaintiff removed the chairs and commenced removing the tape that secured the canvas runners over the carpeting. Plaintiff asserts that while removing the tape that ran under the dining room table he moved upward and struck his back on the table, thus causing his injury.

Apparently, plaintiff believed that his body was no longer under the table when he pulled upward and struck his back on the table. See plaintiff's deposition, July 13, 1988, pp. 50–52.

Defendant brought this motion on October 5, 1988. Plaintiff responded that he could not adequately rebut this motion without additional discovery. Specifically, plaintiff argued that he needed to depose Daren Fabel and David Olsen, former employees of the defendant and seamen on board the William Clay Ford at the time of injury. This Court deferred resolution of this motion pursuant to plaintiff's request. The above mentioned witnesses have since been deposed and both litigants have filed supplemental briefs. The matter is now ripe for a decision.

## OPINION

### 1. The Negligence Claim

■ The essential elements under a Jones Act claim seeking recovery for injury to a seaman are: (1) negligence by the employer; and (2) a causal relationship between the negligence and the injury. *West v. Eastern Transport Co.*, 179 F.2d 478 (4th Cir.1950).

■ The standards establishing negligence and causation under the Jones Act are somewhat lower than in tort actions at common law. A seaman need only prove slight negligence by his employer. *Petersen v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 740 (6th Cir.1986). Similarly, the

test for causation under the Jones Act is not the strict measure of proximate cause but a more lenient measure of legal cause. *Reyes v. Vantage S.S. Co., Inc.*, 609 F.2d 140, 146 (5th Cir.1980). The causation standard under the Jones Act is that used under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Thus, a shipowner must bear responsibility if his negligence played even the slightest part in producing the plaintiff's injury. *Chisholm v. Sabine Towing & Transp. Co., Inc.*, 679 F.2d 60 (5th Cir.1982).

■ The Jones Act does not, however, require the shipowner to produce an "accident-proof" ship. Rather, the shipowner has a duty to provide a seaman with a reasonably safe place to work. Norris, *The Law of Seaman*, 30:36 (4th Ed.1985); *e.g. Campos v. Marine Transport Lines, Inc.*, 780 F.2d 165 (1st Cir.1986). A shipowner is not responsible to a seaman whose injuries are caused solely by the seaman's own negligence. *Campos, supra.*

Defendant submits that plaintiff's injury was caused solely by plaintiff's negligence. By plaintiff's own admission, his injury was caused by the fact that he either forgot or miscalculated his position under the table.

Plaintiff responds that defendant was negligent because the dining room had a carpeted floor rather than a tile floor. Had the vessel's dining room floor been tiled, it could have been kept clean by a mop and bucket rather than by a canvas cover. Plaintiff submits his injury was caused by the need to remove the canvas.

■ This Court is persuaded by defendant's argument. There is no evidence to suggest that maintaining a carpet floor rather than a tile floor in a vessel's dining room amounts to negligence by a shipowner. Plaintiff disengenuously offers the testimony of David Olsen to support his theory of negligence. Olsen merely testified that there was no particular reason why tile could not be used in the dining room. This does not even amount to evidence of slight negligence.

The unquestioned evidence in this case clearly establishes that plaintiff's injury was the result of his own negligence. Plaintiff testified that he had changed the canvas in the dining room approximately 35 times in the year and one half prior to his injury. Plaintiff never complained about the procedure nor did he ever injure himself. As a result, plaintiff was very familiar with the dining room and the procedure for removing the canvas. Plaintiff's deposition, July 13, 1988, pp. 43–44.

Plaintiff further testified that he believed he was no longer under the table when he moved upward and struck his back. There is no question that plaintiff was provided with a reasonably safe workplace and that but for plaintiff's failure to check his position under the table prior to moving upward, he would not have been injured.

For the above stated reasons, the Court finds defendant entitled to summary judgment on plaintiff's claim for negligence under the Jones Act.

### 2. The Claim of Unseaworthiness

■ General maritime law imposes a duty upon shipowners to provide a seaworthy vessel that is independent from the duty to provide a reasonably safe workplace imposed by the Jones Act. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). The duty to provide a seaworthy vessel requires a shipowner to furnish a vessel and appertenances reasonably fit for their intended use. The standard is reasonable fitness, not perfection. *Id.*

■ To recover under a claim of unseaworthiness, a plaintiff must establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy. *Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir. 1980). Plaintiff submits the defendant breached its obligation to provide a seaworthy vessel by applying duct tape under a fixed table with 30 inches of clearance and requiring seamen to go under the table to remove the tape.

■ The Court is not persuaded by Plaintiff's argument. The practice of tap-

ing canvas over carpeting in order to protect the carpet from dirt is not an action rendering the ship unseaworthy. Neither the presence of canvas and tape on the floor nor the practice of applying or removing the tape rendered the vessel or the dining room unfit for their intended uses.

Moreover, the undisputed facts clearly establish that plaintiff's injury was caused by his own lack of due care. Thus to the extent that the vessel may be construed as unseaworthy, there is no causal connection between that condition and plaintiff's injury.

Accordingly, the Court grants defendant's motion as to the claim of unseaworthiness.

### 3. Maintenance and Cure

A shipowner is required to pay for the "maintenance and cure" of a seaman who is injured in the service of the vessel. 23 Fed.Proc., L.Ed. § 53:374. An action for maintenance and cure is general maritime law's equivalent of workmen's compensation. *Brown v. Stanwick Intern., Inc.,* 367 So.2d 241 (Fla. 3d DCA 1979). Maintenance and cure is a claim independent of a claim under the Jones Act or a claim of unseaworthiness. 23 Fed. Proc., L.Ed. § 53:375.

Defendant has not moved for summary judgment as to the maintenance and cure claim. Accordingly, disposition of this claim is not before the Court.

### CONCLUSION

For the above stated reasons, the Court hereby GRANTS summary judgment in favor of defendant as to plaintiff's claims of negligence under the Jones Act and unseaworthiness pursuant to general maritime law. This case shall proceed on plaintiff's claim of maintenance and cure.

IT IS SO ORDERED.