639 So.2d 74 (1994)
INTERNATIONAL SHIPS SERVICES, LIMITED, Appellant/Cross-Appellee,
v.
Medardo Flores CANALES, Appellee/Cross-Appellant.
Nos. 92-1568, 91-2748.
District Court of Appeal of Florida, Third District.
May 24, 1994.
Rehearing Denied July 19, 1994.
*75 Shutts & Bowen and Richard M. Leslie and Donald P. Fitzgerald, III and Karen L. Stetson, Miami, for appellant/cross-appellee.
Charles R. Lipcon, Cooper & Wolfe and Sharon Wolfe, Miami, for appellee/cross-appellant.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, International Ships Services, Limited [International Ships], appeals from an adverse final judgment awarding punitive damages to the plaintiff, Medardo Flores Canales. The plaintiff cross-appeals from the denial of his motion for attorney's fees. We affirm the final judgment, but reverse the denial of the motion for attorney's fees.
The jury's finding that International Ships wilfully or arbitrarily failed to provide maintenance and cure is supported by substantial evidence.[1] Accordingly, we affirm the final judgment awarding punitive damages to Canales. See Garay v. Carnival Cruise Lines, Inc., 904 F.2d 1527 (11th Cir.1990), cert. denied, 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991); Dos Santos v. Ajax Navigation Corp., 531 So.2d 231 (Fla.3d DCA 1988), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989); Breese v. AWI, Inc., 823 F.2d 100 (5th Cir.1987); In re Complaint of Merry Shipping, Inc., 650 F.2d 622 (5th Cir.1981); See also CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491 (D.R.I. 1994); 5-J's Towing, Inc. v. Verdin, No. CIV.A. 93-0238, 1993 WL 534092, at [*]3 (E.D.La. Dec. 13, 1993) (quoting Odeco, Inc. v. Cornish, No. CIV.A. 90-0505 & 90-1877, 1991 WL 148746 (E.D.La. July 22, 1991)) (Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) "does not preclude a seaman's claim for damages for unreasonable, or arbitrary and capricious failure to pay maintenance and cure."); Ridenour v. Holland Am. Line Westours, Inc., 806 F. Supp. 910 (W.D.Wash. 1992); Logue v. Tidewater, Inc., No. CIV.A. 91-1109, 1992 WL 59409, at [*]2 (E.D.La. Mar. 17, 1992) (refused to extend holding in Miles "beyond claims for loss of society or consortium"); Hannon v. Waterman S.S. Corp., Nos. CIV.A. 80-1175 & 89-1195, 1991 WL 88012 (E.D.La. May 22, 1991); Rowan Cos., Inc. v. Badeaux, Nos. CIV.A. 90-0370 & 90-0756, 1991 WL 175541 (E.D.La. Aug. 28, 1991); Bachu v. International Marine Terminals, No. CIV.A. 91-1526, 1991 WL 211519 (E.D.La. Sept. 27, 1991); but cf. La Voie v. Kualoa Ranch & Activity Club, Inc., 797 F. Supp. 827 (D.Haw. 1992).
In light of the jury's finding, which is supported by the record, that International Ships wilfully or arbitrarily failed to provide maintenance and cure, the trial court erred in denying Canales' motion for attorney's *76 fees. See Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir.1987).
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
NOTES
[1] The jury answered "YES" to the following question: "Did the Defendant, INTERNATIONAL SHIPS SERVICES LIMITED, wilfully or arbitrarily, that is, without reason or with callous disregard, fail to pay or provide maintenance and cure so as to be liable for punitive damages?"