**Willie HOLLINGER, Plaintiff,**

v.

**KIRBY TANKSHIPS, INC., Defendant.**

**Civil Action No. 95–0121–AH–S.**

United States District Court,
S.D. Alabama,
Southern Division.

Jan. 4, 1996.

---

Thomas Glidewell, Mobile, Alabama, for plaintiff.

Louis Graswell, John Kavanaugh, Mobile, Alabama, for defendant.

## ORDER

HOWARD, District Judge.

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Claims for Punitive Damages. [Doc. # 19]. Plaintiff filed a response to Defendant's Motion. [Doc. # 23]. After full consideration of the parties' arguments and of the law governing Plaintiff's claims, the Court **GRANTS** Defendant's Motion and **STRIKES** Plaintiff's claims for punitive damages.

Plaintiff's Complaint is made pursuant to the Jones Act and general maritime law. Plaintiff alleges that he "was caused to be thrown against the deck, bulkhead, and stairs of the vessel and sustained painful, serious, permanent and disabling injuries to his back, legs, shoulder, neck, arm and his body. . . ." Complaint, p. 2. Plaintiff alleges that Defendant proximately caused Plaintiff's injuries by failing to provide a safe workplace, design a safe vessel, and provide required maintenance and cure. Plaintiff's Third Cause of Action, pursuant to the general maritime law, alleges that the actions and omissions of Defendant were willful and wanton and states the "such deliberate and reckless disregard for the safety of crew members entities plaintiff to sue for and collect punitive damages." Complaint, p. 5. Plaintiff's Fourth Cause of Action is also made pursuant to the general maritime law and alleges that Defendants willfully and arbitrarily failed to provide maintenance and cure and that "Plaintiff is entitled to sue for and collect . . . punitive damages and attorney's fees." Complaint, p. 6.

## I. WANTONNESS UNDER GENERAL MARITIME LAW

■ Defendant argues that the holding of the United States Supreme Court in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) dictates that punitive damages are no longer recoverable under the general maritime law. In support of such argument, Defendant cites the opinion of this Court, *Frantz v. Brunswick Corp.*, 866 F.Supp. 527 (S.D.Ala.1994), and of several circuits, which have all held that *Miles* mandates that punitive damages are not available under the general maritime law. *See Wahlstrom v. Kawasaki Heavy Industries, Ltd.*, 4. F.3d 1084, 1092–1094 (2d Cir. 1993); *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 203 (1st Cir.1994); *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1459 (6th Cir.1993). Plaintiff agrees with Defendant that the "trend is going toward disallowing of punitive damages based on a general maritime law action, however, the Eleventh Circuit has not ruled as of yet that punitive damages would not be allowable." Plaintiff's Response, p. 3.

The Court agrees with the reasoning of *Frantz* and the above-cited cases that punitive damages are unavailable in general maritime law post-*Miles*. Therefore, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's claim for punitive damages as to Plaintiff's Third Cause of Action.

## II. MAINTENANCE AND CURE OBLIGATIONS

■ Defendant moves the Court to strike Plaintiff's prayer for punitive damages pur-

suant to his maintenance and cure claims. Defendant recognizes that the United States Court of Appeals for the Eleventh Circuit has not yet addressed the impact of *Miles* on the availability of punitive damages in a maintenance and cure dispute, but Defendant states that it is reasonable to conclude that when the Eleventh Circuit is faced with the issue it will follow the reasoning of the United States Court of Appeals for the Fifth Circuit in *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir.1995) (*en banc*). Plaintiff argues that this Court should not follow the ruling of the Fifth Circuit, but should follow the rulings of the United States Courts of Appeals for the First and Fourth Circuits, which have decided not to extend *Miles* to maintenance and cure claims.

After considering the cases cited, the Court finds that the Fifth Circuit ruling in *Guevara* is better reasoned and this Court will extend *Miles* to actions for maintenance and cure. In *Guevara* the Fifth Circuit outlined the reasoning of *Miles*. In *Miles* the Supreme Court stated that "Congress retains superior authority in 'admiralty' matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions." 498 U.S. at 27, 111 S.Ct. at 323. The *Miles* case involved a family suing over the death of a seaman under the Jones Act and the general maritime law. The wrongful death of a seaman is covered by the Jones Act. The Supreme Court held that "Congress has placed limits on recovery in survival actions that we cannot exceed. Because this involves the death of a seaman, we must look to the Jones Act." *Id.* at 36, 111 S.Ct. at 327–328. The Jones Act prohibits non-pecuniary recovery, therefore, the *Miles* Court held that the general maritime unseaworthiness action for the wrongful death of a seaman must have a similar prohibition against non-pecuniary awards. The Fifth Circuit labels this analysis the *Miles* uniformity principle.

The *Guevara* Court applied the *Miles* uniformity principle to a maintenance and cure action. 59 F.3d at 1510–1513. The Court first asked whether the factual setting of a maintenance and cure action "is one covered by a statute like the Jones Act or DOHSA." *Id.* at 1510. The Fifth Circuit held that:

[T]here are really two 'types' of maintenance and cure actions. The tort-like type involves a personal injury; i.e., typically a worsening of the seaman's physical or mental health caused by the failure to provide maintenance or, more likely, cure. The contract-like type need not involve a personal injury (although it may); it need only involve the loss of a monetary outlay. Because the tort-like maintenance and cure action involves a personal injury, however, it overlaps with the personal injury coverage of the Jones Act.... As mentioned, once there is a statutory/general maritime law overlap in the factual circumstances that are covered, the *Miles* damages uniformity principle is invoked, and punitive damages would be precluded under the general maritime action for maintenance and cure.

*Id.* at 1511–1512. The Fifth Circuit went on to hold that although there is no statutory overlap on contract-like maintenance and cure actions, a party should also not be able to receive punitive damages. *Id.* at 1512. The Fifth Circuit reasoned (1) that it would be peculiar to prevent recovery of punitive damages in a tort-like claim, but allow such recovery for contract-like claims, (2) federal common lawmaking in admiralty should be harmonized with statutory admiralty law and such harmony weighs in favor of not allowing punitive damages, (3) it makes little sense to fragment admiralty law by allowing punitive damages for contract-like maintenance and cure claims, but not for tort-like maintenance and cure claims, and (4) punitive damages are generally unavailable for breach of contract and allowing such damages in a maintenance and cure claim would be anomalous. *Id.* at 1513.

This Court finds the reasoning of the Fifth Circuit to be sound and finds that, when called upon to do so, the Eleventh Circuit will follow the lead of its sister circuit. Therefore, the Court adopts such reasoning and **GRANTS** Defendant's Motion to Strike Plaintiff's Claims for Punitive Damages for Plaintiff's maintenance and cure claim. However, the Court notes that such holding

does not preclude Plaintiff from recovering attorney's fees if Plaintiff proves the elements necessary to justify such an award.