677 So.2d 50 (1996)
KLOSTER CRUISE LIMITED, Appellant,
v.
Antonio De SOUSA, Appellee.
No. 95-652.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Rehearing Denied August 14, 1996.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis J. Mase, Miami; Chaffe, McCall, Phillips, Toler & Sarpy and Beverly D. Eisenstadt, Miami, for appellant.
Charles R. Lipcon, Miami; Cooper & Wolfe and Christine M. Ng and Sharon L. Wolfe, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Appellant Kloster Cruise Limited [Kloster] appeals a posttrial final judgment awarding attorneys' fees to appellee Antonio De Sousa [De Sousa], entered by the trial judge following a plaintiff's verdict in an admiralty case seeking an award for maintenance and cure, punitive damages, and attorneys' fees and costs. We reverse the award of attorneys' fees and remand the case for a jury determination of the amount of attorneys' fees recoverable by De Sousa.
At the conclusion of the trial below, the jury determined that Kloster "willfully and arbitrarily" failed to provide maintenance and cure to De Sousa. As a result of that determination, De Sousa was, at the time of the verdict below, entitled to recover punitive damages and attorneys' fees in connection with his maintenance and cure claim. International Ships Servs. Ltd. v. Canales, 639 So.2d 74, 75-76 (Fla. 3d DCA 1994)(adopting the holdings of, inter alia, the Fifth and Eleventh Circuit Federal Courts of *51 Appeal).[1] The Fifth Circuit has made it clear that the recovery of attorneys' fees in these types of seamen's actions is "a non-severable part of the plaintiff's cause of action" and, as such, in addition to the proof of entitlement to the fees, the plaintiff must present its evidence relating to the appropriate amount of attorneys' fees to the jury, unless the parties waive this right, so that the jury may determine the amount of the award if plaintiff is found entitled to attorneys' fees. Holmes v. J. Ray McDermott & Co., 734 F.2d 1110, 1121 (5th Cir.1984), overruled on other grounds, Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.)(only insofar as Holmes addressed punitive damage awards), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996).
In this case, De Sousa presented no evidence before the jury in support of the amount of attorneys' fees claimed. The jury verdict form requested only a determination of the amount of punitive damages to be awarded. See supra note 1. Over defense objection and without obtaining a formal stipulation from the parties, the trial court took it upon itself to determine, i.e., to "sever", the issue of the amount of a "reasonable" fee in posttrial proceedings, ultimately arriving at the award which is the subject of this appeal. Absent a stipulation to handle the issue otherwise, the attorneys' fee claim must be decided by the jury, on both entitlement and amount. Holmes, 734 F.2d at 1121. Accordingly, we find that the judgment granting attorneys' fees must be reversed. Unlike the Holmes court, however, we remand the case for a jury determination of the amount of attorneys' fees recoverable by De Sousa following presentation of evidence on this issue. Depriving De Sousa of all attorneys' fees under the circumstances here would be unjust and unnecessary.
De Sousa has argued that presenting the issue of the amount of fees to a jury that is deliberating the other issues is impractical. This may be overcome by the trial court's having the jury first arrive at its verdict on the other issues, including entitlement to attorney's fees, then have the jury receive the evidence as to the amount of attorney's fees and deliberate this issue separately. Once upon a time, this was the method utilized in eminent domain cases.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] E.g., Garay v. Carnival Cruise Line, Inc., 904 F.2d 1527 (11th Cir.1990), cert. denied, 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991); Breese v. AWI, Inc., 823 F.2d 100 (5th Cir.1987). We recognize that since the conclusion of the trial below, this law has changed as to the availability of punitive damages in maintenance and cure cases, at least in the Fifth Circuit. Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.1995) (overruling Holmes v. J. Ray McDermott & Co. only insofar as punitive damage availability is concerned), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996); see also Hollinger v. Kirby Tankships, Inc., 910 F.Supp. 571, 573 (S.D.Al.1996)(following Guevara and opining that the Eleventh Circuit will do so as well when presented with the appropriate case). These cases make clear, however, that the right to recover attorneys' fees in willful and arbitrary failure to provide maintenance and cure cases is undisturbed.