679 So.2d 10 (1996)
KLOSTER CRUISE LIMITED, Appellant,
v.
Carlos SEGUI, Appellee.
Nos. 95-880, 94-1604.
District Court of Appeal of Florida, Third District.
July 17, 1996.
Rehearing Denied September 25, 1996.
*11 Chaffe, McCall, Phillips, Toler & Sarpy and Beverly D. Eisenstadt and Curtis J. Mase, Miami, for appellant.
Cooper & Wolfe and Sharon L. Wolfe and Charles R. Lipcon, Miami, for appellee.
Before COPE, LEVY and FLETCHER, JJ.
COPE, Judge.
Kloster Cruise Limited appeals a final judgment following jury trial in a seaman's action for damages. We reverse.
Plaintiff Carlos Segui was a cabin steward aboard the SS Norway, owned and operated by Kloster Cruise Limited, from 1983 until 1991. Beginning in 1989 plaintiff suffered hip pain. In 1991 a shoreside orthopedic specialist diagnosed idiopathic avascular necrosis, a degenerative hip condition with limited treatment options. Plaintiff's left hip was successfully replaced in 1991.
Thereafter plaintiff sued Kloster for negligence, unseaworthiness, failure to treat, and failure to provide maintenance and cure. Plaintiff contended that Kloster had failed to respond promptly and properly to plaintiff's complaints of pain, with the result that the medical condition became aggravated, and hip replacement became necessary instead of a less intrusive option.
In October 1991 plaintiff began experiencing pain in his right hip. The same malady was found to exist in the right hip. Plaintiff desired to have the right hip replaced in Miami, where the surgery had proved successful on the left hip. Kloster desired to have the operation take place in the Philippines. Plaintiff asked the trial court to compel Kloster to provide the surgery in Miami, which the trial court declined to do. Ultimately plaintiff agreed to have the surgery performed in the Philippines, and plaintiff remained in the Philippines after the surgery was completed.
Plaintiff returned to Miami shortly before the trial date. Four days prior to trial, plaintiff's expert examined plaintiff. Plaintiff's expert concluded that the prosthesis used in the Philippine surgery was too small, that there was looseness in the joint, and that plaintiff's right leg was three-fourths of an inch shorter than the left leg. Plaintiff informed Kloster of these findings. Kloster's expert performed an examination and agreed with plaintiff's findings.
Kloster moved for a continuance of the trial, arguing that it could not reasonably be expected to defend against the newly discovered claim of right hip defects on four days notice. The trial court denied the motion. The case proceeded to trial, which featured prominently the plaintiff's claim of what amounted to medical malpractice in the Philippine right hip replacement. A verdict was rendered for the plaintiff, including compensatory and punitive damages on the maintenance and cure claim. Kloster has appealed.
*12 We conclude that the judgment must be reversed because Kloster's request for continuance should have been granted. As the trial date approached, Kloster knew that it would be defending claims by the plaintiff which related to both the left and right hips. However, until four days prior to trial, plaintiff did not know, and had never suggested, that the Philippine surgery was improperly performed. The claim that the prosthesis was too small, that it was loose, and that the right leg was too short, had never been raised. Plainly these allegations were a surprise, and Kloster should have been given a reasonable time to prepare to meet them. Accordingly there must be a new trial. See Carnival Cruise Lines, Inc. v. Nunez, 646 So.2d 831, 833 (Fla. 3d DCA 1994), review denied, 658 So.2d 992 (Fla.1995).[1]
As to Kloster's second point on appeal, we conclude that based on the record made, there was no error in denying the motion for directed verdict on the claim of Jones Act negligence. We find no merit to Kloster's argument relating to the jury instructions.[2]
Kloster also argues that punitive damages are no longer available for a shipowner's willful refusal to pay maintenance and cure. Kloster relies heavily on the reasoning in the federal Fifth Circuit's decision in Guevara v. Maritime Overseas Corporation, 59 F.3d 1496 (5th Cir.1995) (en banc), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996). Kloster argues that the Fifth Circuit has now receded from the line of cases on which this court relied in International Ships Services, Limited v. Canales, 639 So.2d 74 (Fla. 3d DCA 1994), and Dos Santos v. Ajax Navigation Corp., 531 So.2d 231 (Fla. 3d DCA 1988), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989). We conclude that Canales and Dos Santos are binding on this panel on this issue, unless and until this court sitting en banc determines to recede from those precedents.
Kloster also appeals from the attorneys' fee judgment entered below. In light of our reversal of the underlying judgment, the attorneys' fee judgment is also reversed and remanded for a new trial.
Reversed and remanded.
NOTES
[1] We do not think that Kloster's argument is barred by the two issue rule. See Emerson Electric Co. v. Garcia, 623 So.2d 523, 524 (Fla. 3d DCA 1993).
[2] To the extent that Kloster complains that the eve-of-trial right hip issues should not have been included in the jury instructions, that claim is moot in light of our reversal for a new trial.