712 So.2d 791 (1998)
NORWEGIAN CRUISE LINES, LTD., f/k/a Kloster Cruise, Ltd., a Florida corporation for profit, Petitioner,
v.
Gregorio ZARENO, Respondents.
No. 98-62.
District Court of Appeal of Florida, Third District.
June 24, 1998.
*792 Curtis J. Mase, and Beverly D. Eisenstadt, Miami, for petitioner.
Leesfield, Leighton, Rubio & Mafhood, and Maria L. Rubio, Miami, for respondent.
Before GERSTEN, FLETCHER and SORONDO, JJ.
PER CURIAM.
Petitioner Norwegian Cruise Lines, ("Norwegian") seeks certiorari review from the denial of its motion to strike respondent Gregorio Zareno's ("Zareno") request for punitive damages. We grant certiorari and direct the trial court to strike Zareno's claim for punitive damages based upon failure to comply with Section 768.72, Florida Statutes (1997).
In October of 1997, Zareno filed a maritime claim against Norwegian in state court claiming breach of maintenance and cure obligations. The complaint included a demand for punitive damages. Thereafter, Norwegian moved to strike the punitive damages demand on the basis that Zareno had failed to comply with state law procedures set forth in Section 768.72.
Section 768.72 requires a proffer of record evidence to support a punitive damages claim and states specifically:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery *793 of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
Norwegian contended that by electing the state court forum, Zareno was compelled to comply with the procedural requirements of Section 768.72 and could not subject Norwegian to financial worth discovery absent the showing of a reasonable evidentiary basis for recovery of punitive damages.
Zareno responded by arguing that federal maritime law gave him the absolute right to plead punitive damages without the need to proffer record evidence. Zareno contended that Section 768.72 created a substantive condition precedent in direct conflict with federal maritime law and thus was inapplicable to federal maritime cases filed in state court. Apparently the trial court agreed with Zareno's reasoning and denied the motion to strike the punitive damages claim.
It is well established that federal maritime law generally applies to lawsuits arising from torts on navigable waters. See Rindfleisch v. Carnival Cruise Lines, Inc., 498 So.2d 488 (Fla. 3d DCA 1986), review denied, 508 So.2d 15 (Fla.1987); Hallman v. Carnival Cruise Lines, Inc., 459 So.2d 378 (Fla. 3d DCA 1984); Rountree v. A.P. Moller S.S. Co., 218 So.2d 771 (Fla. 1st DCA 1969). However, a state court may apply state law to a maritime action so long as there is no conflict with federal maritime law. See Southworth Machinery Co., Inc. v. F/V Corey Pride, 994 F.2d 37 (1st. Cir.1993); Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409 (9th Cir.1990).
Under the "savings to suitors" clause of the Judiciary Act of 1789, presently codified in the United States Code as Title 28 U.S.C. Sec. 1333, "a state, `having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit' so long as it does not attempt to [give in rem remedies or] make changes in `substantive maritime law.'" Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 221-222, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) citing Madruga v. Superior Court, 346 U.S. 556, 560-561, n. 12, 74 S.Ct. 298, 98 L.Ed. 290 (1954). Thus state courts may entertain maritime causes of action and may apply state law to supplement federal maritime law if the state law does not conflict with federal law or interfere with uniformity.
Ascertaining whether application of a particular state law materially frustrates a fundamental tenet of admiralty law is dependent upon the application of a "reverse-Erie analysis." See Offshore Logistics, Inc. v. Tallentire, 477 U.S. at 207, 106 S.Ct. 2485; Garan, Inc. v. M/V Aivik, 907 F.Supp. 397 (S.D.Fla.1995). State law will not apply if: (1) the state law is found to conflict with substantive maritime law, or (2) the state law affects remedies peculiar to maritime law. See Offshore Logistics, Inc. v. Tallentire, 477 U.S. at 223, 106 S.Ct. 2485.
In other words, states may apply state law to supplement maritime law if that application does not flatly contradict maritime law. See Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); Muratore v. M/S Scotia Prince, 656 F.Supp. 471 (D.Maine 1987). The Ninth Circuit has explained further that state law will apply even though the "states' supplementation of admiralty law necessarily creates some discord in that law." Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d at 1424. The state law must "unduly disrupt" admiralty to be preempted. Id. at 1424. See also Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, (1st. Cir.), cert. denied, 508 U.S. 981, 113 S.Ct. 2987, 125 L.Ed.2d 682 (1993)(state law preempted only if found in direct conflict with basic maritime principles). Therefore we must determine whether the requirement in Section 768.72 of showing a reasonable basis for punitive damages contradicts substantive maritime law.
Federal maritime law does not provide plaintiffs with an absolute right to bring *794 a substantive claim for punitive damages. The Eleventh Circuit Court of Appeals has held that punitive damages are recoverable from a vessel owner only where the denial of maintenance and cure payments is found to be arbitrary and willful. See Hines v. J.A. LaPorte, Inc., 820 F.2d 1187, 1189 (11th Cir. 1987); but see Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.1995), cert. denied, 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996)(punitive damages not available for a shipowner's willful failure to pay maintenance and cure); Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495 (9th Cir.1995), cert. denied, 516 U.S. 1046, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996)(same); Kraljic v. Berman Enterprises, Inc., 575 F.2d 412 (2d Cir.1978)(same). As stated in Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir.1987):
Upon receiving a claim for maintenance and cure, the shipowner need not immediately commence payments; he is entitled to investigate and require corroboration of the claim. If, after investigating, the shipowner unreasonably rejects the claim, when in fact the seaman is due maintenance and cure, the owner becomes liable not only for the maintenance and cure payments, but also for compensatory damages. These are the damages that have resulted from the failure to pay, such as the aggravation of the seaman's condition, determined by the usual principles applied in tort cases to measure compensatory damages.
If the shipowner, in failing to pay maintenance and cure, has not only been unreasonable but has been more egregiously at fault, he will be liable for punitive damages and attorney's fees. We have described this higher degree of fault in such terms as callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent. Thus, there is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.
Thus in order to award punitive damages in a maintenance and cure case, the plaintiff must show substantive evidence of willful, callous, or egregious conduct on the part of the shipowner. See McWilliams v. Texaco, Inc., 781 F.2d 514 (5th Cir.1986); Gaspard v. Taylor Diving & Salvage Co., Inc., 649 F.2d 372 (5th Cir.1981).
We agree with Norwegian that this substantive standard is not affected by Section 768.72. Section 768.72 does not impose additional obligations on a plaintiff who files in state court because the standards for whether or not punitive damages are recoverable remain the same.
Section 768.72 only affects the screening method and timing of the claim by requiring a proffer at the complaint stage to demonstrate a reasonable basis for punitive damages before the claim may be submitted to the jury. In federal court, this same evaluation takes place on a motion for summary judgment. Both forums require evidence of the shipowner's conduct to support a claim for punitive damages. See Garay v. Carnival Cruise Line, Inc., 904 F.2d 1527 (11th Cir.1990); Kloster Cruise Ltd. v. De Sousa, 677 So.2d 50 (Fla. 3d DCA 1996); International Ships Services, Ltd. v. Canales, 639 So.2d 74 (Fla. 3d DCA 1994) The identical determination is simply made at different procedural stages.
Accordingly, we conclude that the state statute's procedural requirement of showing a reasonable basis for punitive damages at the complaint stage, neither conflicts with, nor adds to, substantive federal maritime standards for punitive damages. See Royal Caribbean Corp. v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992), review denied, 626 So.2d 207 (Fla.1993). Therefore Section 768.72 does apply to maritime claims filed in state courts, and a defendant may not be subjected to financial worth discovery until the trial court has first made an affirmative finding that there is a reasonable basis for *795 the punitive damages claim to be presented to the jury. See Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). Since Zareno failed to proffer an evidentiary basis for his punitive damages claim pursuant to Section 768.72, the claim must be stricken.
Petition for certiorari granted with directions to strike the punitive damages claim.