761 So.2d 373 (2000)
JUNO MARINE AGENCY, INC., a Florida corporation, Naviera Turrialba/Inversiones Juno, S.A., and Garda Marine, Inc., Appellants,
v.
Tracey TAIBL, Special Personal Representative of the Estate of Stacey Norman Taibl, for the Use and Benefit of Tracey TAIBL, minor daughter, and the Estate of Stacey Norman Taibl, deceased, Appellees.
No. 3D98-2287.
District Court of Appeal of Florida, Third District.
April 26, 2000.
Rehearing Denied July 26, 2000.
*374 Michael Guilford, Coral Gables; Russo, Parrish and Philip D. Parrish, Miami, for appellants.
Rossman, Baumberger & Reboso, Miami; Cooper & Wolfe and Marc Cooper and Nancy C. Ciampa, Miami, for appellees.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
SCHWARTZ, Chief Judge.
Stacey Taibl, who was working nearby for another employer, was killed while attempting to rescue a member of the crew (who also died) from the hold of the defendants' vessel while it was moored at Government Cut in Miami-Dade County. On this appeal, the appellants-defendants challenge a judgment entered upon a jury verdict in a maritime-wrongful death action against them. We find no merit in any of the points they present.
Treating only those issues which require even brief discussion, we conclude
(a) The trial court correctly determined that, because Taibl died on Florida territorial waters in an accident covered neither by the Jones Act, the Longshore and Harbor Workers Compensation Act, nor the Death on the High Seas Act, his survivors were entitled to supplement their maritime remedies with those available for wrongful death under Florida law, including a claim for punitive damages. See Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996); CEH, Inc. v. F/V Seafarer, 70 F.3d 694 (1st Cir.1995); Florida Power & Light Co. v. Polackwich, 677 So.2d 880 (Fla. 2d DCA 1996), review dismissed, 682 So.2d 1100 (Fla.1996); International Ships Services, Ltd. v. Canales, 639 So.2d 74 (Fla. 3d DCA 1994); Dos *375 Santos v. Ajax Nav. Corp., 531 So.2d 231 (Fla. 3d DCA 1988), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989).
(b) The facts fully sustain the jury verdict awarding punitive damages in this particular case. First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA 1999), review dismissed, 743 So.2d 12 (Fla. 1999); Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), aff'd. in part, quashed in part, 561 So.2d 576 (Fla.1990); State v. Brooks, 163 Vt. 245, 658 A.2d 22 (1995); People v. Neff, 117 Cal.App.2d 772, 257 P.2d 47 (1953); see also Turner v. PCR, Inc., 754 So.2d 683 (Fla. 2000).
(c) Prejudgment interest was properly awarded. See City of Milwaukee v. Cement Div. Nat. Gypsum Co., 515 U.S. 189, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995); Hilton Oil Transport v. Oil Transport Co., 659 So.2d 1141 (Fla. 3d DCA 1995).
Affirmed.