771 So.2d 1271 (2000)
Paul Gary NURKIEWICZ, Appellant,
v.
VACATION BREAK U.S.A., INC., Resort Yachts of America, Inc., and Serenity Yacht Club, Inc., Appellees.
No. 4D99-3198.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
*1272 Ronald Payne, Fort Lauderdale and Arnold Ginsberg of Ginsberg & Schwartz, Miami, for appellant.
Keith S. Brais and David M. Scott of McAlpin & Brais, P.A., Miami, and Mark Hicks and Ralph O. Anderson of Hicks, Anderson & Kneale, P.A., Miami, for appellees.

ON MOTION FOR REHEARING
KLEIN, J.
We withdraw our opinion which was filed on August 30, 2000 and substitute the following opinion.
Appellant plaintiff appeals a summary judgment disposing of his claims under maritime law for injuries he sustained on a vessel. We affirm the judgment as to negligence and unseaworthiness, but reverse his claim for maintenance and cure.
Plaintiff was the captain of a forty-eight foot sport fishing vessel which was provided for the use of owners of time-share units. Plaintiff, as part of his job, was supposed to purchase sodas from Publix and have them available on board for guests. He decided, for purposes of economy, to purchase the sodas from Sam's Warehouse. The sodas were sold in Publix in twelve-can packs and in Sams in twenty-four can cases. As plaintiff was loading the twenty-four can cases, two at a time, into a hatch in the floor of the galley, he injured his back.
Plaintiff alleges unseaworthiness and negligence under the Jones Act, 46 U.S.C.App. § 688, contending that the defendant should have trained him to load *1273 heavy objects without injuring his back, should have given him a belt to protect his back, and should have had more easily accessible storage space. We conclude, however, that the summary judgment is supported by the case law barring recovery for negligence or unseaworthiness where the injury is entirely the fault of the plaintiff.[1] In the present case, the plaintiff was the captain of the vessel, and it was the plaintiff who made the decision to purchase twenty-four-can cartons, to store them in the hatch, and to load them two at a time. We agree with the trial judge that as a matter of law there was no negligence or unseaworthiness.[2]
We do agree with plaintiff that the trial court erred in entering summary judgment on his claim for maintenance and cure on the basis that his claimed medical expenses were palliative rather than curative. In Smith v. Delaware Bay Launch Service, Inc., 972 F.Supp. 836 (D.Del.1997), the court held that an employer is liable for both curative and palliative treatment until a seaman has reached maximum medical cure. In this case defendants did not establish that the plaintiff had reached that stage, and accordingly there are material issues of fact on the issue of whether plaintiff was entitled to benefits.
Defendant urges that if we reverse on the claim for maintenance and cure we should hold that punitive damages are unavailable where there has been a willful failure to furnish maintenance and cure, citing Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.1995), an en banc decision of the fifth circuit receding from earlier decisions allowing the recovery of punitive damages in maintenance and cure cases. Guevara, which interpreted Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), is consistent with other federal appellate court decisions addressing the issue. Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495, 1505 (9th Cir.1995); Horsley v. Mobil Oil Corp., 15 F.3d 200, 203 (1st Cir.1994); Miller v. American President Lines, Ltd., 989 F.2d 1450, 1459 (6th Cir. 1993); Kraljic v. Berman Enters., Inc., 575 F.2d 412 (2d Cir.1978).
Plaintiff relies on Hines v. J.A. LaPorte, Inc., 820 F.2d 1187 (11th Cir.1987), in which the eleventh circuit held that punitive damages could be recovered in a maintenance and cure case. In Hines the eleventh circuit relied on precedent of the fifth circuit, which was overruled in Guevara. The eleventh circuit has not addressed the issue since Hines, although it acknowledged the rule of Hines in dicta in In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993, 121 F.3d 1421 (11th Cir.1997); Kasprik v. U.S., 87 F.3d 462 (11th Cir.1996).
*1274 In Wylie v. Investment Management and Research, Inc., 629 So.2d 898, 900 (Fla. 4th DCA 1993), Judge Farmer, writing an en banc opinion for this court, explained:
When a state appellate court is asked to decide a federal question as to which there is no Supreme Court authority directly on point, and the Circuit Courts of Appeal are divided, there is no established rule to guide such a state court. One mechanical method might be to add up the federal circuits and go with the weight of decisions. Another arguable method is to accord unusual weight to a decision on the issue, if there is one, of the federal circuit in which the state is located. This latter approach has the virtue of establishing that the issue will be uniformly decided by both federal and state courts in the geographic area in which the state is located, thus discouraging forum shopping. In the end, the state court is very much like an Erie-bound federal court deciding uncertain state law; it must guess how the highest court is likely to decide the issue. This is such a case.
After reading the fifth circuit's opinion in Guevara, which interpreted the 1990 opinion of the Supreme Court in Miles, we are persuaded that, if faced with the question, the Supreme Court would agree with Guevara and hold that punitive damages are not recoverable in a maintenance and cure case. We note that a trial court within the eleventh circuit has disallowed punitive damages in a maintenance and cure case, concluding that the eleventh circuit would follow Guevara when presented with the issue. Hollinger v. Kirby Tankships, Inc., 910 F.Supp. 571 (S.D.Ala. 1996). We therefore hold that punitive damages are not available. We certify conflict with Norwegian Cruise Lines, Ltd. v. Zareno, 712 So.2d 791 (Fla. 3d DCA 1998).
We affirm the summary judgment except with regard to the claim for maintenance and cure, which we reverse and remand.
GROSS, J., and FINE, EDWARD H., Associate Judge, concur.
NOTES
[1] Peymann v. Perini Corp., 507 F.2d 1318 (1st Cir.1974)(seaman cannot create the peril and then make a claim against the ship); Alrayashi v. Rouge Steel Co., 702 F.Supp. 1334 (E.D.Mich.1989)(summary judgment on unseaworthiness affirmed where plaintiff was injured when he struck his back on table while removing canvas runners secured to carpeted floor by duct tape); Keel v. Greenville Mid-Stream Serv., Inc., 321 F.2d 903 (5th Cir.1963)(summary judgment entered against seaman who slipped on soapy floor he was washing); Del Valle v. Marine Transport Lines, Inc., 582 F.Supp. 573 (D.P.R.1984)(summary judgment entered against seaman injured while putting away tools).
[2] We have not overlooked the affidavit of plaintiff's "ergonomics" expert, who rendered an opinion that a hatch in a galley floor presents an unreasonable risk of injury when things are stored in it and that the vessel was unseaworthy for failing to provide other storage or proper supervision to the plaintiff in storing sodas. Some affidavits are so contrary to "common knowledge or clearly inconsistent with the circumstances" that they do not create issues of fact regarding negligence. Watley v. Florida Power & Light Co., 192 So.2d 27, 30 (Fla. 1st DCA 1966)(affirming summary judgment for power company in spite of plaintiff's expert suggesting that the antenna which plaintiff was installing did not come in contact with power lines, but rather that electricity had arced five or six feet to the antenna).