PER CURIAM.
Carnival Corporation (“Carnival”) appeals a final judgment awarding its former seaman, Digno Rivera Mendoza, compensatory damages on his maintenance and cure claim after a bench trial. The damages were awarded based upon the trial court’s conclusion that Carnival had unreasonably refused payment for Mendoza’s back surgery. Mendoza injured his back while working aboard a Carnival vessel. On this appeal, Carnival raises three issues, one of which warrants a reversal. We therefore affirm in part and reverse in part.
First, Carnival argues that the trial court erred in its determination that Carnival was unreasonable in failing to provide back surgery to Mendoza and in terminating his maintenance and cure. We disagree. There is ample competent and substantial record evidence to support the trial court’s factual determination on this issue. See LRU, L.L.C. v. Kosmic of Key West, Inc., 792 So.2d 1269, 1270 (Fla. 3d DCA 2001)(quoting Lee v. Lee, 563 So.2d 754, 755 (Fla. 3d DCA 1990)(“Findings of fact by a trial judge in a non-jury proceeding will not be set aside on review unless totally unsupported by competent and substantial evidence.”)); Acosta v. Creative *1155 Group Investments, 790 So.2d 518, 518 (Fla. 3d DCA 2001)(same). Carnival’s unreasonable denial of maintenance and cure rendered it liable to Mendoza for compensatory damages. See Norwegian Cruise Lines, Ltd. v. Zareno, 712 So.2d 791, 794 (Fla. 3d DCA 1998)(if shipowner unreasonably rejects a claim for maintenance and cure payments it is liable not only for said payments but also for compensatory damages).
Carnival next assails the trial court’s award of compensatory damages for Mendoza’s future pain and suffering, asserting that this award was error because there was absolutely no evidence to support these damages. We agree that at this juncture of the proceeding, the record evidence does not support an award of compensatory damages for future pain and suffering. Therefore, we reverse this award without prejudice to litigate this issue during the remaining proceedings.
Finally, Carnival argues that the trial court erred when it permitted Mendoza to present evidence at trial in support of a punitive damages claim when no such claim had been pled. Given the fact, however, that the claim for punitive damages was withdrawn by the appellee at trial, this issue has become entirely moot. Accordingly, we decline to address it.
For all the foregoing reasons, we affirm in part, reverse in part, and remand.