**George HINES, Plaintiff-Appellee,**

v.

**J.A. LAPORTE, INC., Defendant-Appellant.**

No. 86–8541.

United States Court of Appeals, Eleventh Circuit.

July 7, 1987.

**1188**

Edward T. Brennan, Brennan, Harris & Rominger, Savannah, Ga., for defendant-appellant.

Charles R. Ashman, Ashman & Ziooerer, P.C., Ralph R. Lorberbaum, Savannah, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, EDMONDSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The central issue in this case is whether a seaman may be awarded punitive damages in addition to reasonable attorney's fees for the arbitrary and willful withholding of maintenance and cure benefits. Other circuits have reached different results on the issue, considered in light of the Supreme Court's decision in *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). We follow *Complaint of Merry Shipping, Inc.,* 650 F.2d 622 (5th Cir. Unit B 1981), and a more recently decided case in the Fifth Circuit and affirm the district court's award of both punitive damages and reasonable counsel fees.

This seaman's suit was brought by George Hines under the general maritime law to recover damages for wrongful termination of maintenance and cure. Hines was injured on January 17, 1985 when he was struck in the mid-back by the counterweight of a crane while working on a vessel owned by the defendant J.A. LaPorte, Inc. Liberty Mutual Insurance Company, LaPorte's insurance carrier and agent, han-

dled Hines' claim. Liberty Mutual terminated Hines' maintenance benefits on April 22, 1985 when Hines became re-employed and refused to pay for cure after July 30, 1985, notwithstanding Hines' continued treatment for back and neck pain. The district court found that Liberty Mutual terminated cure despite a lack of information concerning whether Hines had reached maximum medical cure. Hines has been unable to return to work since September 11, 1985.

On a finding of an arbitrary and bad faith breach of the duty to furnish maintenance and cure, the district court awarded $5,000 in punitive damages and attorney's fees of $10,150 to Hines.

■ On appeal, LaPorte contends that, as a matter of law, a court cannot award both attorney's fees and punitive damages. The Supreme Court in *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), permitted a seaman to recover reasonable counsel fees when the shipowner's default in the duty to provide maintenance and cure was willful and persistent. *Id.* at 530–31, 82 S.Ct. at 999. *See also Nichols v. Barwick*, 792 F.2d 1520, 1524 (11th Cir.1986). LaPorte argues that since the attorney's fees recoverable under *Vaughan* are punitive in nature, it is inconsistent to also award punitive damages.

There is no definitive precedent in this Circuit. In *Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir. Unit B 1981), this Court held that punitive damages are recoverable under general maritime law upon a showing of a shipowner's willful and wanton misconduct in a death action.

The other Circuits are divided. The Fifth Circuit in *Holmes v. J. Ray McDermott & Co.*, 734 F.2d 1110 (5th Cir.1984), relied in part on *Merry Shipping* in deciding that punitive damages are available under general maritime law in addition to attorney's fees for a willful and arbitrary refusal to pay maintenance and cure. *See also Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir.1985); *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 88 (5th Cir. 1984). The First Circuit in *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.

1973), upheld a $10,000 award of punitive damages, apparently not limited to reasonable counsel fees, for the shipowner's failure to honor the maintenance and cure obligation. *See also* Note, *Punitive Damages In Admiralty For Bad Faith Refusal To Provide Maintenance and Cure: Robinson v. Pocahontas, Inc.*, 15 San Diego L.Rev. 309 (1978).

In contrast, the Second Circuit reached a different result in *Kraljic v. Berman Enterprises, Inc.*, 575 F.2d 412 (2d Cir.1978). The *Kraljic* Court noted that the theory upon which the Supreme Court awarded attorney's fees in *Vaughan* is unclear. Nevertheless, the court opined that the award in *Vaughan* was based on a theory of exemplary damages, rather than compensatory damages. Therefore, the Second Circuit held that punitive damages in a maintenance and cure action are limited to counsel fees, because a seaman should not be entitled to a redundant recovery. *See also Incandela v. American Dredging Co.*, 659 F.2d 11, 15 n. 3 (2d Cir.1981).

Of course, *Vaughan* is not dispositive because in that case only a claim for attorney's fees was asserted, not separate claims for both fees and punitive damages. Following the guidance of *Merry Shipping, supra*, it seems clear that even if exemplary in nature, attorney's fees, if fixed reasonably to cover only a proper fee award, would not foreclose the punitive purpose of a punitive damage award. We follow the reasoning of the Fifth Circuit and hold that both reasonable attorney's fees and punitive damages may be legally awarded in a proper case.

■ LaPorte argues that the evidence does not support the court's: (1) award of counsel fees and punitive damages, (2) award of $5,000 in general damages, and (3) award of counsel fees in the amount of $10,150. Since the liability for fees and punitive damages depends upon the conduct of the defendant, the case turns on whether the findings of fact as to that conduct are clearly erroneous. Fed.R. Civ.P. 52(a). *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

The district court's finding that Liberty Mutual handled Hines' claim in an arbitrary and willful manner is amply supported by the evidence and not clearly erroneous. Although there is no bright line to measure arbitrary conduct, the Fifth Circuit has identified examples of willfulness meriting punitive damages and counsel fees:

> (1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer; [and] (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically.

*Tullos,* 750 F.2d at 388. The district court found that Liberty Mutual's conduct closely matched these examples.

■ Subsumed in this determination is the correctness of the award of general damages. Seamen have a claim for compensation for the suffering and for the physical injury which follow when the failure to give maintenance and cure aggravates the illness. *Vaughan,* 369 U.S. at 530, 82 S.Ct. at 999; *Cortes v. Baltimore Insular Line, Inc.,* 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932); *Blanchard v. Cheramie,* 485 F.2d 328, 331 (5th Cir.1973). *See generally* M. Norris, *The Law of Seamen* § 589 (3d ed. 1970). The district court concluded that Liberty Mutual's termination of benefits aggravated Hines' condition, prolonged his pain and suffering, and lengthened the time required for him to reach maximum cure. The evidence supported these findings.

■ Finally, LaPorte argues that the district court's award of counsel fees in the amount of $10,150 is not supported by the evidence. Hines did not submit evidence as to the actual hours expended by his counsel. The district court, while noting that the introduction of time records would have been preferable, nevertheless set the attorney's fee award on the basis of expert testimony concerning the estimated hours expended and reasonable hourly compensation. After reconsidering the expert testimony, the court amended the judgment to reflect an increase in the attorney's fee award from $6,000 to $10,150. Since the amount is well supported by this evidence, we will not remand for strict adherence to the normal procedures.

AFFIRMED.