**Balbino Jimenez GARAY, Plaintiff,**

v.

**CARNIVAL CRUISE LINES, INC., Defendant.**

**No. 86–0689–CIV.**

United States District Court, S.D. Florida.

March 14, 1989.

**1422**

Charles R. Lipcon of Fields & Rosen, Miami, Fla., for plaintiff.

Rodney Earl Walton of Kelley Drye & Warren, including Smathers & Walton, Miami, Fla., for defendant.

## FINAL JUDGMENT NOTWITHSTANDING THE VERDICT

RYSKAMP, District Judge.

THIS CAUSE is before the court upon defendant's and plaintiff's motions for judgment notwithstanding the verdict and defendant's motion to alter or amend judgment. Plaintiff, Balbino Garay, brought this suit in admiralty for injuries suffered while working as an employee on one of defendant's ships. The jury returned a verdict for defendant on all but one count, but awarded Garay $275,000.00 on the failure to treat claim. Because the evidence is insufficient to support a verdict in favor of the plaintiff, *Nettles v. Electrolux Motor AB*, 784 F.2d 1574 (11th Cir.1986), the court must grant defendant's motions and deny plaintiff's motion.

## I. FACTUAL BACKGROUND

Until January 23, 1985, Garay was a seaman on the vessel Tropicale, owned by defendant. On that day, he was found unconscious at the bottom of a stairway on the ship. Garay claims he slipped and fell due to the wax and water on the stairs. Defendant presented evidence that Garay's intoxication caused the accident. He was immediately given medical treatment on the ship, as well as on shore at the nearest port, Puerto Vallarta, Mexico.

For three weeks, Garay received treatment and therapy at a hospital in San Pedro, California at defendant's expense. In late February, he returned home to his family in Honduras, accompanied by a nurse. Defendant also gave Garay funds to cover maintenance and cure for three months.

Garay sued, alleging five claims: 1) negligence under the Jones Act, 2) unseaworthiness, 3) failure to provide maintenance and cure, 4) failure to treat, and 5) punitive damages. The case was tried in September 1988 and the jury returned a verdict for the defendant on all claims except the failure to treat claim and awarded plaintiff $275,000.00. Garay's maintenance and cure claim failed because the jury found that his injuries were the result of willful misbehavior, namely his intoxication at the time of the accident.

Garay's failure to treat claim is grounded in defendant's failure to provide more than three weeks of therapy following the accident. He claims defendant is required to provide cure until maximum medical improvement ("MMI"), *Farrell v. United States*, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949), and that Garay never reached MMI.

## II. DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Defendant, in its motion for judgment notwithstanding the verdict, argues there can be no recovery for failure to treat where there is no liability for maintenance and cure because of willful misbehavior. Garay responds that willful misbehavior does not preclude recovery under the Jones

Act and that his drunkeness does not prevent recovery for a failure to treat.

#### 1. The Negligence and Unseaworthiness Claims

The apparent conflict in the jury verdict is a result of a misperception of the various claims made by Garay. The Jones Act, 46 U.S.C.App. § 688, requires proof of negligence and imposes the same duties on shipowners as federal law imposes on railroad owners. *Jacob v. New York,* 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942). The jury found that there was no negligence on the part of defendant that was the legal cause of plaintiff's injuries, so there can be no recovery under the Jones Act. The jury also found for the defendant on the unseaworthiness claim. These claims cannot be the basis of any recovery.

#### 2. Maintenance and Cure

A claim for maintenance and cure arises out of the shipowner's traditional responsibility for his crew. The shipowner's duty to provide medical treatment for the seaman who becomes ill or is injured while in the service of the ship derives from the unique hazards which attends the work of seamen. *Vella v. Ford Motor Co.,* 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975). Because a ship is often far removed from civilization, the captain or shipowner must assume responsibility for the welfare of his crew. Even if injured by accident or through his own fault, a seaman should be cared for by the shipowner and not "left for the sharks." "So broad is the shipowner's obligation, that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility." *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 730–731, 63 S.Ct. 930, 933–934, 87 L.Ed. 1107 (1943).

Generally, the seaman is entitled to maintenance (living expenses while he recovers) and cure (medical attention) until he reaches MMI, or maximum cure, the point after which further treatment will not improve the seaman's condition. *Pelotto v. L & N Towing Co.,* 604 F.2d 396, 400 (5th Cir. 1979). The seaman should show he was injured in service to the ship, but this requirement is interpreted liberally to allow recovery because "it is the ship's business which subjects the seaman to risks" outside the direct scope of his duties. *Aguilar,* 318 U.S. at 734, 63 S.Ct. at 935. When there are ambiguities or doubts, they are resolved in favor of the seaman. *Vaughan v. Atkinson,* 369 U.S. 527, 532, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88 (1962). Only some willful misbehavior or deliberate act of indiscretion, such as drunkenness or illicit intercourse resulting in the contraction of a venereal disease, will deprive the seaman of this protection. *Aguilar,* 318 U.S. at 731, 63 S.Ct. at 934.

In the instant case, the jury found that Garay's willful misbehavior, his drunkenness, was the cause of the accident and that he could not recover on this count. Therefore, a maintenance and cure claim cannot be the basis of any recovery.

#### 3. Failure to Treat

A claim for failure to treat also arises from the traditional duty of a shipowner to care for his crew. A plaintiff may recover for any additional injuries caused by the shipowner's unreasonable failure to treat or to provide prompt medical care. *Joyce v. Atlantic Richfield Co.,* 651 F.2d 676, 685 (10th Cir.1981). This basic responsibility is separate from a duty of maintenance and cure and should attach regardless of the seaman's negligence or misbehavior. "It would be inhumane to leave a helpless man without succor." *The Quaker City,* 1 F.Supp. 840 (E.D.Penn.1931).

This claim has also been characterized as a breach of the duty of maintenance and cure. In this form of the claim, plaintiff may recover if defendant unreasonably refused to provide maintenance and cure. *Hines v. J.A. Laporte, Inc.,* 820 F.2d 1187, 1190 (11th Cir.1987). A related claim is for negligent treatment, where plaintiff may recover for damages caused by defendant's negligent medical treatment. *See, e.g., Ressler v. States Marine Lines, Inc.,* 517 F.2d 579, 1975 AMC 819 (2d Cir.1975). In all of these claims, plaintiff's recovery is limited to punitive damages and damages

**1424**

for the aggravation in plaintiff's condition caused by defendant's failure to treat, failure to provide maintenance and cure, or negligent treatment. *See Parker v. Texaco, Inc.,* 549 F.Supp. 71, 77 (E.D.La.1982).

The court has not been directed to, nor has uncovered, any cases where a successful claim for failure to treat was not grounded in either a duty to provide maintenance and cure, a successful claim of negligence, or an unseaworthiness claim. *See Ressler, supra; Morales v. Garijak, Inc.,* 829 F.2d 1355 (5th Cir.1987); *Parker, supra.*

Confusion may arise because case law, especially early law, emphasizes that the causes of action are separate and distinct, while stressing the importance of the duty of care to the injured seaman. Thus, even if a man is injured as a result of his own willful misbehavior, the shipowner is responsible for giving him prompt medical attention, taking into account the circumstances. *See Barlow v. Pan Atlantic S.S. Corporation,* 101 F.2d 697 (2d Cir.1939). It is consistent with the traditional values underlying a shipowner's duty to his crew to impose liability for negligent treatment.

In the instant case, though, Garay asks the court to extend this duty to provide prompt medical attention to encompass his subsequent therapy. The only testimony regarding negligent medical treatment involves that of Dr. Ahn and Dr. Smith, defendant's physicians. They both testified that Garay needed rehabilitation beyond the three week period in which he was treated in the San Pedro hospital. There is no testimony or evidence to support a finding that defendant, or its doctors, were negligent in their initial treatment of Garay or in the treatment he did receive. Therefore, Garay can only argue that the treatment should have been continued for longer than three weeks. Defendant's duty to provide prompt medical care does not require that it treat Garay until he reaches MMI. If it did, if would absorb duty to provide maintenance and cure, rendering that claim meaningless. There was no evidence adduced at trial from which the

jury could find that defendant negligently failed to treat Garay.

The cases cited by plaintiff focus on the general duty of the shipowner and do not make the fine distinctions between the various causes of action, although they accurately reflect the liberality and compassion with which courts traditionally consider claims for injuries to seamen. Here, the evidence shows that defendant's initial treatment was prompt and adequate and continued for three weeks after the accident. Without a showing of some form of negligence or breach of some other duty, Garay cannot recover on a failure to treat claim.

### III. PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

This motion claims a number of errors in rulings by the court regarding the admissibility of certain evidence and testimony. Plaintiff has directed the court to no case law in support of its contentions and has not established either a manifest error of law or fact or presented any newly discovered evidence. *See Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986).

### IV. DEFENDANTS MOTION TO ALTER JUDGMENT

Plaintiff has not opposed this motion, which contends that interest should accrue at a rate certain from the date of the judgment, 28 U.S.C. § 1961, not "according to law," and that the court should not specifically reserve jurisdiction to consider costs. Local Rule 10(F), Southern District of Florida. Because the court is granting defendant's motion for judgment notwithstanding the verdict, this motion is moot.

### V. CONCLUSION

Plaintiff may not recover on a failure to treat claim, where there is no underlying finding of negligence or breach of duty for maintenance and cure and there is insufficient evidence from which reasonable minds could find that plaintiff did not receive prompt and adequate medical atten-

tion. *See Nettles, supra.* The court has discovered no errors in its rulings regarding the admissibility of certain evidence. After a careful review of the pleadings and the court being fully advised in the premises, it is hereby:

ORDERED and ADJUDGED that defendant's motion for judgment notwithstanding the verdict is GRANTED. Plaintiff's motion for judgment notwithstanding the verdict is DENIED. Defendant's motion to alter judgment is MOOT.

Further, final judgment is hereby entered in favor of defendant.

DONE and ORDERED.