**Karen RIDENOUR and Randall Ridenour, Plaintiffs,**

v.

**HOLLAND AMERICA LINE WESTOURS, INC., et al., Defendants.**

**No. C92–846D.**

United States District Court, W.D. Washington.

Nov. 5, 1992.

David Bowen Anderson, Anderson & Connell, Bellingham, Wash., for plaintiffs.

Patrick Gaynor Middleton, Bliss Riordan, Seattle, Wash., for defendants.

## ORDER

DIMMICK, District Judge.

Defendants in this cause of action seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of plaintiffs' cause of action for punitive damages. The issue here is one of pure law: Are punitive damages available in an action for maintenance and cure? As will be explained below, this Court concludes that they are.

A Rule 12(b)(6) motion requires the Court to read the complaint in the light most favorable to plaintiff, dismissing only if "it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu,* 621 F.2d 1037 (9th Cir.1980). Therefore, for purposes of this motion, the Court accepts plaintiffs' facts as true.

Plaintiff Karen Ridenour filed her complaint under the Jones Act, 46 U.S.C. § 688, and general maritime law for injuries allegedly incurred while performing her duties as a nurse aboard defendants' vessel M/S NIEUW AMSTERDAM. As one of her claims, plaintiff asserts that defendants have failed to pay maintenance and cure and that such failure has been "callous, recalcitrant, arbitrary and capricious and ... without good cause and without good faith...." Complaint at 5.

On defendants' earlier motion, this Court dismissed plaintiff Randall Ridenour's claim for loss of consortium. See Order, August 7, 1992. That dismissal was prem-

---

ised on this Court's reading of *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Defendants now argue that the reasoning in *Miles* dictates dismissal of plaintiffs' claim for punitive damages for failure to pay maintenance and cure. This Court disagrees.

The *Miles* Court did not address maintenance and cure but only wrongful death actions brought by seamen. In *Miles,* the Court examined two congressionally-created causes of action for wrongful death of a seaman (Death on the High Seas Act ("DOHSA") and the Jones Act) in relation to a judicially-created cause of action for wrongful death (unseaworthiness). In view of the specific limitation in DOHSA to pecuniary losses and the historical limitation of the Jones Act, the Court concluded that a judicially-created cause of action in the same arena should be similarly limited to pecuniary losses:

> It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

498 U.S. at ——, 111 S.Ct. at 319, 112 L.Ed.2d at 291. The Court also held that because a survivor's future earnings would not be compensable under the Jones Act, it would not be compensable under a general maritime survival action.

This Court recognizes that the district court for Hawaii has held that *Miles* is dispositive on the availability of punitive damages for failure to pay maintenance and cure. *La Voie v. Kualoa Ranch & Activity Club, Inc.,* 797 F.Supp. 827 (D.Hawaii 1992). The Hawaiian court held that punitive damages were not available because the Supreme Court in *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) had not explicitly recognized them and therefore that case was not inconsistent with *Miles.* Other courts, notably in the Fifth Circuit, have held that

*Miles* is not dispositive. *See, e.g., Breshears v. River Marine Contractors, Inc.,* 1992 WL 245656, 1992 U.S.Dist. LEXIS 14059 (E.D.La.1992) and cases cited therein.

This Court concludes that the critical core of *Miles* is that judge-made law will not expand the remedies available to a seaman when Congress has legislated in the same arena. The *Miles* Court, however, did not address maintenance and cure, which is an area of law in which Congress has not legislated against punitive damages. Thus this Court concludes that *Miles* is not dispositive on this point. Having decided that *Miles* is not dispositive as to the availability of punitive damages for willful withholding of maintenance and cure, this Court must determine next whether punitive damages are foreclosed on some other basis.

In the *Vaughan* case noted above, the United States Supreme Court held that attorneys' fees are available when a seaman is forced to hire an attorney to obtain maintenance and cure because his employers "were callous in their attitude, making no investigation" of the seaman's claims. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

There is no definitive Ninth Circuit Court of Appeals ruling on this issue, but there are indications from that court that punitive damages are available in an action for maintenance and cure. In *Evich v. Morris,* 819 F.2d 256 (9th Cir.1987), the court states the rationale for punitive damages:

> Punitive damages serve the purposes "'of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example.'" *Protectus Alpha Navigation Co., Ltd.* [*North Pacific Grain Growers, Inc.*], 767 F.2d [1379] at 1385 [ (9th Cir. 1985) ] (quoting Prosser, *The Law of Torts* § 2, at 9 (1971)). These purposes support their availability in general maritime law and the trend is to allow such recoveries. 2 M. Norris, *The Law of Seaman* § 30–41, at 517 (4th ed. 1985); cf. *Thyssen, Inc. v. SS FORTUNE*

*STAR,* 777 F.2d 57, 62–63 (2d Cir.1985) (not available in contract).

*Evich,* at 258. *See also Sample v. Johnson,* 771 F.2d 1335, 1347 n. 12 (9th Cir.1985) ("punitive damages are awardable, in some circumstances, to a seaman where payment for maintenance and cure is wrongfully denied," citing Fifth Circuit cases).

Of the four circuit courts of appeal having directly addressed the issue, three recognize the availability of punitive damages for callous and bad faith refusal to pay maintenance and cure: the First, Fifth and Eleventh Circuits. *See, e.g., Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1051 (1st Cir.1973); *Morales v. Garijak, Inc.,* 829 F.2d 1355 (5th Cir.1987); *Hines v. J.A. Laporte, Inc.,* 820 F.2d 1187 (11th Cir.1987).[1] The Second Circuit, however, has refused to recognize punitive damages in a maintenance and cure action. *Kraljic v. Berman Enterprises, Inc.,* 575 F.2d 412 (2d Cir. 1978).

The Fifth Circuit has adopted an escalating penalty where an employer has failed to pay maintenance and cure. *Morales v. Garijak, Inc., supra.* The *Morales* court recognized that a ship owner had a right to investigate before paying the claim. But, if the ship owner investigates and then unreasonably rejects the claim "when in fact the seaman is due maintenance and cure, the owner becomes liable not only for the maintenance and cure payments, but also for compensatory damages." *Id.* at 1358. Where the ship owner "has been more egregiously at fault, he will be liable for punitive damages and attorneys' fees." *Id.* at 1358. The Fifth Circuit described this egregious fault in terms such as "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." *Id.* at 1358 (citations omitted). On the other side, the Second Circuit has held that an award of punitive damages would be redundant where there has been an award of attorneys' fees.

We refuse to draw any distinction in degree between the pejorative adjectives employed to describe defendant's behavior in maintenance and cure cases allowing counsel fees and those used in normal punitive damage cases. There was no real difference between the type of behavior described by the majority in *Atkinson* to justify the award of counsel fees and by the minority to support a finding of punitive damages not limited to counsel fees. A finding of a wanton and intentional disregard of a seaman's rights would be necessary to trigger either type of award no matter what judicial epithet is employed to describe the conduct.

*Kraljic,* at 416.

The policy for maintenance and cure was explained in *Vaughan,* 369 U.S. at 531, 82 S.Ct. at 1000, *quoting Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 528, 58 S.Ct. 651, 653, 82 L.Ed. 993 (1938):

> "The reasons underlying the rule, to which reference must be made in defining it, are those enumerated in the classic passage by Mr. Justice Story in *Harden v. Gordon,* [11 F.Cas. 480] Fed.Cas. No. 6047 (C.C.): the protection of seamen, who, as a class, are poor, friendless and improvident, from the hazards of illness and abandonment while ill in foreign ports; the inducement to masters and owners to protect the safety and health of seamen while in service; the maintenance of a merchant marine for the commercial service and maritime defense of the nation by inducing men to accept employment in an arduous and perilous service."

The origin of the duty to provide maintenance and cure is ancient.[2] Admiralty courts have been liberal in interpreting this duty "for the benefit and protection of seamen who are its wards." *Calmar,* 303 U.S. at 529, 58 S.Ct. at 654. When there are ambiguities or doubts, they are resolved in favor of the seamen. *Warren v.*

---

1. A recent opinion from a Michigan district court concludes that the Sixth Circuit would recognize a claim for punitive damages. *Haeffling v. U.S. Steel, Great Lakes Fleet, Inc.,* 792 F.Supp. 1029 (E.D.Mich.1991).

2. *See Vaughan,* 369 U.S. at 535 n. 2, 82 S.Ct. at 1002 n. 2, outlining early history.

*United States*, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503 (1951).

Weighing the policy positions of the various circuits and indications from the Ninth Circuit opinions, this Court concludes that punitive damages are available in an action for maintenance and cure.

THEREFORE, the motion of defendants to dismiss plaintiffs' claim for punitive damages for failure to pay maintenance and cure is DENIED.