David WHITE, Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION COMPANY, Defendant.

No. 93–CV–249–WDS.

United States District Court,
S.D. Illinois.

Dec. 2, 1993.

Dennis M. O'Bryan, O'Bryan & Baun, Birmingham, MI, for plaintiff.

Simon P. Tonkin, James K. Mondl, Goldstein & Price, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the Court on defendant's motion to dismiss plaintiff's request for punitive damages. Plaintiff has acknowledged that his request for punitive damages only applies to his claim for failure to pay maintenance and cure.

■ Maintenance and cure is a judicial remedy under General Maritime Law. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service. . . ." *Id.* at 531, 82 S.Ct. at 999. In the present action, plaintiff seeks damages, including maintenance and cure, for injuries suffered during plaintiff's employment on defendant's ship. Spe-

cifically, plaintiff alleges that on or about October 13, 1991, he sustained physical injuries when ordered to move "certain barge wire from a load to an empty without adequate assistance, manpower and/or appliances." To date, the Seventh Circuit has not considered the availability of punitive damages for an employer's willful failure to pay maintenance and cure.

In 1990, the Supreme Court, in an effort to unify the general body of maritime tort law, held that nonpecuniary damages are not recoverable in non-statutory maritime actions because such damages are explicitly barred under parallel statutory authority. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The *Miles* court stressed the judiciary's constitutional obligation to respect Congress' intent when thoroughly legislated. *Id.* at 30, 31, 111 S.Ct. at 325–26. Because Congress had already expressly denied nonpecuniary relief in the Jones Act and the Death on the High Seas Act, the *Miles* court stated, "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action ..." than parties could recover in a statutorily-created action. *Id.* at 32, 111 S.Ct. at 326.

By aligning the remedies available in statutory and non-statutory actions, *Miles* sought to establish uniformity throughout maritime tort law. Subsequent courts have agreed that one overriding goal of *Miles* was to achieve uniformity in the remedies available in maritime actions. *Anderson v. Texaco, Inc.*, 797 F.Supp. 531, 535 (E.D.La.1992); citing *Petition of Cleveland Tankers, Inc.*, 791 F.Supp. 679 (E.D.Mich.1992).

In *Anderson*, the court held: "*Miles* does not affect the availability of nonpecuniary damages under the General Maritime Law, if Congress has not already defined the relief available in a particular factual setting." *Anderson*, 797 F.Supp. at 1325. As a purely judicial remedy, maintenance and cure has no statutory counterpart. Consequently, it does not defeat *Miles'* goal of uniformity to permit nonpecuniary damages in conjunction with a claim for maintenance and cure. *Id.;* *Howard v. Atlantic Pacific Marine Corp.,*

No. Civ. A. 89–3073, 1992 WL 55487 (E.D.La., Feb. 28, 1992). Because Congress has not specifically legislated maintenance and cure, courts remain free to determine the scope of available damages. This Court is persuaded to follow the analysis of the Fifth Circuit courts and finds that parties may seek punitive damages in conjunction with a claim for maintenance and cure under General Maritime Law.

The standard for awarding such punitive damages, however, should be no different in maritime or admiralty cases than in other cases wherein punitive damages are allowed. As a result, a maritime plaintiff may recover punitive damages in conjunction with a claim for maintenance and cure only when an employer's failure to pay maintenance and cure is willful and wanton.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's claim for punitive damages.

**IT IS SO ORDERED.**