**George PONDER, Plaintiff,**

**v.**

**M/V CHILBAR, her tackle, engines, furniture and appurtenances, in rem Chilbar Shipping Company, in personam, and Keystone Shipping Company, in personam, Defendants.**

**No. 401 CV 053.**

United States District Court, S.D. Georgia, Savannah Division.

May 13, 2002.

Richard A. Rominger, Thomas Langston Bass, Jr., Brennan, Harris & Rominger, Savannah, GA, for Plaintiff.

Marc Gordon Marling, Hunter, Maclean, Exley & Dunn, Savannah, GA, for Defendants.

## ORDER

EDENFIELD, District Judge.

### I. INTRODUCTION

In this admiralty case seaman/plaintiff George Ponder, claiming to have been injured on an ocean-going vessel, brings claims sounding in (1) negligence under the Jones Act 46 U.S.C.App. § 688[1]; (2) unseaworthiness; and (3) maintenance and cure against defendant Keystone Shipping Company (his employer), defendant M/V Chilbar (the ship on which he alleges he was injured) and defendant Chilbar Shipping Company (the vessel's owner). Defendants move for summary judgment on his punitive damages claim. Doc. # 20. Ponder himself moves for summary judgment but the Court will reach only defendants' motion here, and Ponder's in a forthcoming Order.

### II. BACKGROUND[2]

On 3/15/98, George Ponder was injured while employed as a Jones Act Seaman aboard the M/V Chilbar. Doc. # 22 ¶¶ 1, 3, 13; # 26 ¶¶ 1, 3, 13. Defendant Chilbar Shipping Co. owns the Chilbar, and defendant Keystone Shipping Co. manages it. Doc. # 22 ¶ 2, # 26 ¶ 2. Plaintiff seeks,

---

1. The Jones Act provides a cause of action in negligence for any seaman injured in the course of his employment. Under general maritime law prevailing prior to the statute's enactment, seamen were entitled to maintenance and cure from their employer for injuries incurred in the service of the ship and to recover damages from the vessel's owner for injuries received by seamen in consequence of the unseaworthiness of the ship, but they were not allowed to recover an indemnity for the negligence of the master, or any member of the crew[.] Congress enacted the Jones Act in 1920 to remove the bar to suit for negligence. The denial of maintenance and cure benefits gives rise to only one cause of action— failure to pay maintenance and cure—and this one action is cognizable under both the Jones Act and the general maritime law,

although the action under the Jones Act for the failure to pay maintenance and cure requires a personal injury as well.

*Blige v. M/V GEECHEE GIRL*, 180 F.Supp.2d 1349, 1351 n. 1 (S.D.Ga.2001) (cites and quotes omitted).

2. This Court applies the summary judgment principles explained in *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742–43 (11th Cir. 1996) and *Cohen v. United American Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996). Unrebutted, evidentially supported Fact Statements are deemed admitted under S.D.Ga.Local Rule 56.1 and *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988). Because neither party's Rule 56.1 statements are evidentially supported, *see* doc. ## 22, 26, the Court will provide only the bare facts upon which both parties agree.

*inter alia*, punitive damages from the defendants for his injuries. Doc. # 14 at 3. He founds this damage theory on his unseaworthiness claim. Doc. # 27 at 4. Defendants argue that punitive damages are not available as a matter of law. Doc. # 21.

## III. *ANALYSIS*

■ Ponder alleges that the defendants "knowingly failed to provide save *(sic)* equipment for [his] use" and seeks to recover punitive damages on that basis. Doc. # 14 at 3. Defendants argue that injured seamen are never entitled to punitive damages. Doc. # 21 at 3–6. Plaintiff responds that punitive damages are available in this case because his employer "intentionally failed to furnish a seaworthy vessel." Doc. # 27 at 4.

*In re Amtrak "Sunset Ltd." Train Crash*, 121 F.3d 1421 (11th Cir.1997), is the most recent Eleventh Circuit case to touch upon this topic. There a ship crashed into a railroad bridge support, causing a passenger train to derail into a bayou. *Id.* at 1422–23. The court held that the plaintiffs could not seek punitive damages under the general maritime law because courts have never held that State law remedies (like punitive damages) exist under the general maritime law for non-seaman plaintiffs injured in State waters. *Id.* at 1428–29. In dicta the court noted:

> [P]ersonal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing.

*Id.* at 1429.

Plaintiff points to this language as support for his claim that punitive damages are available when a vessel owner intentionally fails to furnish a seaworthy vessel. Doc. # 27 at 3–4.

This Court recently addressed that *Amtrak* dicta in *Blige*, 180 F.Supp.2d at 1349. In that case, a Jones Act seaman brought a claim for punitive damages based upon his employer's alleged failure to furnish maintenance and cure. *Id.* at 1352. This Court held that punitive damages were unavailable. *Id.* at 1355.

*Blige* reasons that the *Amtrak* dicta is based upon *Hines v. J.A. LaPorte Inc.*, 820 F.2d 1187, 1189 (11th Cir.1987), which said that "both reasonable attorney's fees and punitive damages may be legally awarded in a proper case." *Blige*, 180 F.Supp.2d at 1352–53. *Hines*, in turn, is based upon *Complaint of Merry Shipping Inc.*, 650 F.2d 622 (5th Cir.1981), and older Fifth Circuit cases. *Blige*, 180 F.Supp.2d at 1352–53.

However, since the Eleventh Circuit decided *Hines*, the Supreme Court decided *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317 (1990). *Blige*, 180 F.Supp.2d at 1352. That case holds that "uniformity would ... be compromised if judicially created maritime law allowed remedies more expansive than those allowed by federal statutes." *Id.* at 1353.

■ The Fifth Circuit interpreted *Miles* in *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1506 (5th Cir.1995), and noted that *Miles* created a "uniformity principle." *Blige*, 180 F.Supp.2d at 1353. So, remedies available to a plaintiff under the general maritime law must not exceed those remedies available to him under statutory law. *Blige*, 180 F.Supp.2d at 1353–54. Thus, the *Guevara* court held, *Miles* effectively overruled *Merry Shipping* and other cases on which *Hines* and *Amtrak's*

dicta were based. *Blige*, 180 F.Supp.2d at 1352–55.

This Court agreed with the *Guevara* court. *Blige*, 180 F.Supp.2d at 1355. Thus, the seaman in *Blige* could not recover punitive damages under *general maritime law* for the failure of his ship owner to provide maintenance and cure, since he could not recover punitive damages under statutory law for the same acts. *Id.*

The same result obtains in *unseaworthiness* cases. *See Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 596 (6th Cir. 1998); *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1459 (6th Cir. 1993) (punitive damages not available under general maritime law for unseaworthiness in action for wrongful death of a seaman).

In that respect, the First Circuit also interpreted *Miles* to hold that punitive damages cannot be based upon a shipowner's intentional failure to provide a seaworthy vessel. *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 203 (1st Cir.1994). This Court agrees with the *Horsley* court that punitive damages are not available when premised on unseaworthiness claims. Ponder therefore cannot recover punitive damages for the defendants' willful failure to provide a seaworthy vessel.

## IV. *CONCLUSION*

Defendants' motion for partial summary judgment (doc. # 20) is **GRANTED.** The Court **DISMISSES WITH PREJUDICE** plaintiff George Ponder's punitive damages claim.