In the Matter of THE COMPLAINT OF J.A.R. BARGE LINES, L.P., as Owner, and Mon River Towing, Inc., as Owner Pro Hac Vice, of the M/V Rose G., for Exoneration from and/or Limitation of Liability

No. CIV.A.03–163.

United States District Court, W.D. Pennsylvania.

Jan. 22, 2004.

Frederick B. Goldsmith, Edwin B. Palmer, Burns, White & Hickton, Pittsburgh, PA, for Matter of Complaint of J.A.R. Barge Lines, Inc., Mon River Towing, Inc.

Meredith L. Lawrence, Warsaw, KY, for Mark Allen Smith.

Leonard Fornella, Kenneth F. Klanica, Heintzman, Warren, Wise & Fornella, PC, Pittsburgh, PA, for Ingram Barge Co.

## MEMORANDUM

STANDISH, District Judge.

### I.

In this civil action, plaintiffs, J.A.R. Barge Lines, L.P. (JAR) and Mon River Towing, Inc. (MRT), filed a motion for exoneration from and/or limitation of liability, pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C.App. § 181 et seq. In response, Mark Allen Smith (Smith), entered an answer and asserted claims including negligence, gross negli-

gence and unseaworthiness. Smith seeks compensatory and punitive damages and a trial by jury. Presently before the court is plaintiffs' objection to and motion to dismiss and/or strike certain portions of Smith's answer, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f) and Rule F(8) of the Supplemental Rules for Certain Admiralty Claims of the Federal Rules of Civil Procedure. For reasons set forth below, the motion will be granted.

### II.

In summary, plaintiffs' complaint alleges the following facts:

On January 21, 2003, at approximately 11:00 p.m., Smith was ordered from the M/V ROSE G. to Barge OR–4833 to "flop" the barge. While in the process of "flopping the barge," Smith's right leg became caught by a marine "junk" line that had been left aboard Barge No. OR–4833. Smith was thrown overboard into the water and drug up the side of another barge. The injuries to Smith's right leg required that it be amputated.

### III.

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint. Powell v. Ridge, 189 F.3d 387, 394 (3d Cir.1999). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true the facts pleaded in the complaint and any reasonable inferences derived from those facts. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.2000). Additionally, the court is to construe the complaint in the light most favorable to the plaintiff. Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir.2001). However, the court is not required to accept as true legal conclusions or unwarranted factual inferences. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183–84 (3d Cir.2000).[1]

1. As to the standard governing plaintiffs' objections pursuant to Rule F(8), because Rule

Fed.R.Civ.P. 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "standard for striking under Rule 12(f) is strict." *Lakits v. York,* 258 F.Supp.2d 401, 409 (E.D.Pa.2003) (citation omitted). Although courts possess considerable discretion in weighing Rule 12(f) motions, such motions are disfavored and will generally be denied unless the material bears no possible relation to the matter at issue and may result in prejudice to the moving party. *See, e.g., Miller v. Group Voyagers, Inc.,* 912 F.Supp. 164, 168 (E.D.Pa.1996) (citation omitted). Motions to strike, however, may serve a useful purpose by eliminating insufficient defenses and saving the time and expense in litigating issues which will not affect the outcome of the case. Put another way, one purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *United States v. Consolidation Coal Co.,* 1991 WL 333694, at *2 (W.D.Pa. July 5, 1991) (citations omitted).

## IV.

Plaintiffs object to and move the court to dismiss Smith's claim for punitive damages and his demand for a jury trial.

### 1.

Plaintiffs first assert that punitive damages are unavailable (1) under the Jones Act, (2) under general maritime law for unseaworthiness, or (3) under general maritime law for failure to pay maintenance and cure, even if such failure is willful and arbitrary. Smith has not responded to plaintiffs' first two arguments in either his Response and Memorandum in Opposition (doc. no. 21) or his Sur Reply (doc. no. 23). Accordingly, the court will consider only whether punitive damages are available under general maritime law in connection with plaintiffs' alleged failure to pay maintenance and cure.

██ Under general maritime law, a member of a ship's crew who is injured or becomes ill while serving onboard the vessel can recover "maintenance and cure" from the shipowner/employer. Maintenance is the living allowance for a seaman while he is ashore recovering from injury or illness. Cure is payment of medical expenses incurred in treating the seaman's injury or illness. An employer's obligation to furnish maintenance and cure continues until the seaman has reached the point of maximum cure, that is until the seaman is cured or his condition is diagnosed as permanent and incurable. *O'Connell v. Interocean Mgmt. Corp.,* 90 F.3d 82, 84 (3d Cir.1996) (citations omitted).

██ If the shipowner unreasonably refuses to pay a marine employee's claim for maintenance and cure, the employee may recover consequential damages, including lost wages, pain and suffering, and attorneys' fees and costs. *Id.*

The Jones Act applies when a seaman has been killed or injured as a result of negligence, and it limits recovery to pecuniary losses. 46 U.S.C.App. § 688(a) *Miles v. Apex Marine Corp.,* 498 U.S. 19, 36, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

F(8) of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, which allows any interested party to a limitation proceeding to controvert a claim, makes no specific provision for the procedures which govern controverting a claim, the General Rules of Civil Procedure apply. Supp.Rule A, Fed.R.Civ.P. ("The general Rules of Civil Procedure for the United States District Courts are also applicable to [such] proceedings except to the extent that they are inconsistent with these Supplemental Rules."). *In re Complaint of L.L.P. & D Marine, Inc.,* 1997 WL 590801, at *1 (E.D.La. Sep 19, 1997).

In *Miles*, the mother and administratrix of a Jones Act seaman who was murdered on board a ship on which he was working, sought damages for loss of society from the vessel's operators, the charterer, and the owner of the vessel. *Id.* at 21, 111 S.Ct. 317. The court held that because the Death on the High Seas Act and the Jones Act preclude recovery for loss of society, there is also "no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Id.* at 33, 111 S.Ct. 317.

 The Court stated, "[t]oday we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA [Death on the High Seas Act], the Jones Act, or general maritime law." *Id.* The Court also held that because the estate of the seaman "cannot recover for his lost future income under the Jones Act, it cannot do so under general maritime law." *Id.* at 36, 111 S.Ct. 317.[2] Therefore, when a wrongful death or personal injury claim is brought under the Jones Act, there can be no recovery for nonpecuniary losses, such as loss of consortium/society and punitive damages.[3]

 In *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir.1995), the United States Court of Appeals for the Fifth Circuit applied the *Miles* "uniformity

principle" when it concluded that, because punitive damages for a maintenance and cure claim are unavailable under the Jones Act, "the same cause of action under the general maritime law for the failure to pay maintenance and cure cannot provide a punitive recovery, even if willfulness is demonstrated." *Id.* at 1512. Hence, once the factual setting of a case is found to be covered by the Jones Act, punitive damages are prohibited. *Id.* at 1506 & n. 7.

In determining whether the factual setting in *Guevara* was covered by the Jones Act, that court reasoned:

[T]here are really two "types" of maintenance and cure actions. The tort-like type involves a personal injury; i.e., typically a worsening of the seaman's physical or mental health caused by the failure to provide maintenance or, more likely, cure. The contract-like type need not involve a personal injury (although it may); it need only involve the loss of a monetary outlay. Because the tort-like maintenance and cure action involves a personal injury, however, it overlaps with the personal injury coverage of the Jones Act. Such an action is frequently brought under the Jones Act .... As mentioned, once there is a statutory/general maritime law overlap in the factual circumstances that are covered, the *Miles* damages uniformity principle

---

2. The *Miles* Court drew on the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. §§ 51–59, which was incorporated into DOHSA and the Jones Act. 46 U.S.C.A.App. §§ 688, 761. *Miles* followed the FELA damages scheme in determining the damages available in a Jones Act and general maritime claim. Because FELA limits recovery to pecuniary damages in wrongful death suits, *Michigan Cent. R. Co. v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), *Miles* rejected recovery of nonpecuniary damages, such as for loss of society and lost future earnings, in Jones Act claims. *Miles*, 498 U.S. at 33, 36, 111 S.Ct. 317.

3. Punitive damages are properly classified as nonpecuniary. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1506 n. 7 (5th Cir.1995)(citing *Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084, 1094 (2d Cir.1993) ("We are in general agreement with the view that plaintiffs who are not allowed by general maritime law to seek nonpecuniary damages for loss of society should also be barred from seeking nonpecuniary punitive damages."), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir.1987) ("Punitive damages are non-pecuniary damages unavailable under the Jones Act.")).

is invoked, and punitive damages would be precluded under the general maritime action for maintenance and cure. *Guevara*, 59 F.3d at 1511–12 (footnote and citations omitted).

Other courts have employed similar reasoning. *See Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1505 (9th Cir.1995)(punitive damages unavailable in action for maintenance and cure by nonfatally injured seaman); *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1459 (6th Cir.1993)(punitive damages not available under general maritime law); *Nurkiewicz v. Vacation Break U.S.A., Inc.*, 771 So.2d 1271, 1274 (Fla.App. 4th Dist.2000) (punitive damages not recoverable in maintenance and cure action).

The cases Smith relies on in support of his argument that punitive damages are available in a claim for failure to pay maintenance and cure where the failure is willful, arbitrary or callous are unavailing. Smith first cites *Hines v. J.A. LaPorte, Inc.*, 820 F.2d 1187 (11th Cir.1987). *Hines* considered whether a seaman could recover punitive damages from a private vessel owner, in addition to reasonable attorney's fees, for the arbitrary and willful denial of maintenance and cure payments. The court held that "both reasonable attorney's fees and punitive damages may be legally awarded in a proper case." *Id.* at 1189. As an initial matter, the court notes that *Hines* was decided before the Supreme Court's decision in *Miles* and thus did not consider the implications of the *Miles* uniformity principle. Moreover, *Hines* is based upon *Complaint of Merry Shipping Inc.*, 650 F.2d 622 (5th Cir.1981), and older Fifth Circuit cases that were explicitly overruled in *Guevara*, 59 F.3d at 1506. Furthermore, lower courts in the Eleventh Circuit have declined to follow *Hines* and held that under the *Miles* uniformity principle, punitive damages are not available in maintenance and cure actions under general maritime law. These courts have predicted that when next faced with the issue, the United States Court of Appeals for the Eleventh Circuit will follow *Guevara*. *See, e.g., Blige v. M/V GEECHEE GIRL*, 180 F.Supp.2d 1349,1355 (S.D.Ga.2001); *Hollinger v. Kirby Tankships, Inc.*, 910 F.Supp. 571, 573 (S.D.Ala.1996); *see also* J. Michael Taylor, *The Death of Punitive Damages in Maritime Maintenance and Cure Actions: Guevara's Progeny and Likely Effect on the Eleventh Circuit*, 48 Ala. L.Rev. 737, 766 (1997).

*Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.1973), like *Hines*, was decided before *Miles*. Similarly, it has not been followed by post-*Miles* decisions in the First Circuit. *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943, 949 (D.R.I. 1991). Finally, the *Guevara* court indicated at length why it thought the *Robinson* decision might be rendered differently in the wake of *Miles*, noting that in *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 203 (1st Cir.1994), the court held that *Miles* mandated the conclusion that punitive damages were not available in an unseaworthiness action under general maritime law. *Guevara*, 59 F.3d at 1508. For all these reasons, Smith's reliance on *Hines* and *Robinson* is misplaced.

Smith also cites the court to *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), albeit without analysis. In *Vaughan*, the plaintiff seaman brought a suit to recover maintenance and cure and for damages for failure to pay maintenance and cure. The Court held that the defendant's deliberate failure to pay maintenance and cure gave rise to a claim for attorney's fees as well as general damages. *Id.* at 527–31, 82 S.Ct. 997. The *Vaughan* Court did not address the issue of punitive damages because plaintiff made no claim for punitive damages.

■ The United State Court of Appeals for the Third Circuit has not yet had occasion to decide whether punitive damages are available with respect to a claim for maintenance and cure. However, the court has recognized that the majority of courts do not permit such a claim:

> Although we have yet to address the issue directly, some courts have allowed recovery of punitive damages against private shipowners who were not agents of the United States and who, taking a "callous" or "recalcitrant" view of their obligations, "arbitrarily and willfully" refused to pay maintenance and cure. *See Hines v. J.A. LaPorte, Inc.,* 820 F.2d 1187 (11th Cir.1987); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048 (1st Cir. 1973). The majority of courts, however, do not allow punitive damages, other than attorneys' fees, in those circumstances. *See Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1513 (5th Cir.1995), *cert. denied,* 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996); *Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495, 1505 (9th Cir.1995), *cert. denied,* 516 U.S. 1046, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996); *Kraljic v. Berman Enters., Inc.,* 575 F.2d 412 (2d Cir.1978).

*O'Connell,* 90 F.3d at 84.[4] This Court concludes that, when faced with the issue the United States Court of Appeals for the Third Circuit will follow *Guevara* and "the majority of courts." Under the *Miles* uniformity principle, then, punitive damages are unavailable in maintenance and cure actions under general maritime law.

**2.**

■ Plaintiffs next argue that a jury trial is unavailable as a matter of law under the Limitation Act. Smith cites *Fitzgerald v. U.S. Lines Co.,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) for the proposition that a jury trial right exists when a maintenance and cure claim is joined with a Jones Act claim. While Smith correctly states the holding in *Fitzgerald,* it is inapposite to the present case. Smith did not initiate this action by filing a complaint with this court. Rather, the case was initiated by plaintiffs and brought pursuant to the Limitation Act.[5]

In *Lewis v. Lewis & Clark Marine, Inc.,* the Supreme Court explained the appropriate procedures for a district court presiding over a limitation action as follows:

> The procedure for a limitation action is now found in Supplemental Admiralty and Maritime Claims Rule F. Much like its predecessor provisions, Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, *sitting without a jury,* adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis,* 531 U.S. 438, 448, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)(emphasis supplied).

---

**4.** The *O'Connell* court did disallow punitive damages. However, the court based that decision on its holding that the Suits in Admiralty Act prevents a plaintiff from seeking punitive damages against the private operator of a government vessel who arbitrarily and willfully fails to pay maintenance and cure.

**5.** Smith further asserts that the motion to strike is untimely and premature as there has been no discovery in this case. However, discovery will not impact upon the court's determination of the availability of a jury trial in this matter, as this is a purely legal determination.

The United States Court of Appeals for the Third Circuit has also held that there is no right to a jury trial in a limitation/exoneration action heard pursuant to the court's admiralty jurisdiction. *In re Consolidation Coal Co.*, 123 F.3d 126, 134 (3d Cir.1997)(citing *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir.1993)); *see also In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir.), *cert. denied*, 519 U.S. 950, 117 S.Ct. 361, 136 L.Ed.2d 253 (1996) ("Claimants have no right to a jury in admiralty actions, and thus lose their right to pursue common law remedies before a jury when forced into admiralty court under the Limitation Act."); *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir.1999) ("Thus, insofar as claimants proceed in a limitation-of-liability action, they are not entitled to a trial by jury, even if the basis of their claim for fault is made under the Jones Act.").

The Supreme Court and the United States Court of Appeals for the Third Circuit have held that there is no right to a jury trial in actions brought under the Limitation Act. In light of the binding and persuasive authority cited above, claimant's jury demand must be stricken. Accordingly, the court will decide this matter without a jury.

An order follows.

### ORDER

AND NOW, this 22nd day of January, 2004, in accordance with the foregoing memorandum, it is hereby ORDERED that the motion of plaintiffs, J.A.R. Barge Lines, L.P. and Mon River Towing, Inc., to dismiss the claim of Mark Allen Smith (claimant) for punitive damages and to strike claimant's jury demand is granted.