CARNES, Circuit Judge,
concurring:
I join Chief Judge Edmondson’s opinion in its entirety. For the reasons it explains and on the basis of the decisions it cites, we are obligated to follow our prior precedent in Hines v. J.A. LaPorte, Inc., 820 F.2d 1187 (11th Cir.1987). We must follow Hines’ specific holding that punitive damages are available where there is a willful and persistent failure to pay maintenance and cure, 820 F.2d at 1189-90, even though this Court might have decided that issue differently if Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), had been available at the time it first arose.
The prior panel precedent rule is a fundamental ground rule that embodies the principle of adherence to precedent. It promotes predictability of decisions and stability of the law, it helps keep the prec-edential peace among the judges of this Court, and it allows us to move on once an issue has been decided. Without the rule every sitting of this court would be a series of do-overs, the judicial equivalent of the movie “Groundhog Day.” While endlessly recurring fresh starts is an entertaining premise for a romantic comedy, it would not be a good way to run a multi-member court that sits in panels. As a panel, we must follow our holding in Hines instead of any inferences we may draw from the Supreme Court’s reasoning in deciding a different issue in Miles because the prior precedent rule requires that we do so, and we take that rule seriously.
*1287 At the same time, of course, we are obligated to take Supreme Court decisions seriously, very seriously. Our obligation to do so flows from the constitutional plan of “one supreme Court, and ... such inferior Courts as the Congress may from time to time ordain.” U.S. Const. Art. Ill, § 1; see Schwab v. Crosby, 451 F.3d 1308, 1325 (11th Cir.2006) (“We have always believed that when the Founders penned Article Ill’s reference to the judicial power being vested ‘in one supreme Court and in such inferior Courts’ as Congress may establish, they used ‘supreme’ and ‘inferior’ as contrasting adjectives, with us being on the short end of the contrast.” (citation omitted)), cert. denied, — U.S. -, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007).
The duty of a later panel of this Court to follow an earlier one’s decision ends when that decision conflicts with the holding of a later Supreme Court decision. If Miles had held that punitive damages were not available for the willful failure to pay maintenance and cure, we certainly would follow that holding instead of our contrary one in Hines, even if the Miles opinion did not mention the Hines decision. See In re Provenzano, 215 F.3d 1233, 1235 (11th Cir.2000); Davis v. Singletary, 119 F.3d 1471, 1482 (11th Cir.1997); United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir.1993). But Miles held nothing about maintenance and cure or punitive damages. It addressed the different issue of whether damages for loss of society are recoverable in a general maritime cause of action for the wrongful death of a seaman, deciding that they were not. 498 U.S. at 37, 111 S.Ct. at 328.
The contention of the appellants in this case is not that the Miles holding is contrary to the Hines holding, but that the reasoning the Supreme Court used to reach its holding in Miles, 498 U.S. at 30-33, 111 S.Ct. at 324-26, is inconsistent with the holding in Hines, 820 F.2d at 1189-90. The argument does not pit holding against holding, but reasoning against holding. The broader question this argument presents is whether, and if so when, a panel of this Court may vary from a specific holding of an earlier one based on the reasoning the Supreme Court used to reach a later decision on a different issue.
That question is not particularly difficult in this case because even if there is some tension between the two, it is far from clear that Miles’ reasoning conflicts with Hines’ holding. At least a half dozen courts have held that Miles does not compel the conclusion that punitive damages are unavailable in maintenance and cure cases. See Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1503 (9th Cir.1995) (concluding that Miles “does not directly control the question of whether punitive damages are available for the willful failure to pay maintenance” but deciding that punitive damages are unavailable for another reason); Smith v. MAR, Inc., 877 F.Supp. 62, 67 (D.R.I.1995) (noting that “Miles has not stated that punitive damages are unavailable in a claim for maintenance and cure,” and concluding that “plaintiffs claim for punitive damages for the agent’s arbitrary and willful conduct in failing to pay maintenance and cure is a viable claim post Miles”)-, White v. Am. River Transp. Co., 853 F.Supp. 300, 301 (S.D.Ill.1993) (“As a purely judicial remedy, maintenance and cure has no statutory counterpart. Consequently, it does not defeat Miles’ goal of uniformity to permit nonpecuniary damages in conjunction with a claim for maintenance and cure.”); Ortega v. Oceantrawl, Inc., 822 F.Supp. 621, 624 (D.Alaska 1992) (“Miles does not extend to preclude a claim for exemplary damages in regard to a claim for maintenance and cure.”); Ridenour v. Holland Am. Line Westours, Inc., 806 F.Supp. 910, 911, 913 (W.D.Wash.1992) (concluding that *1288 “Miles is not dispositive as to the availability of punitive damages for willful withholding of maintenance and cure” and holding that “punitive damages are available in an action for maintenance and cure”); Anderson v. Texaco, Inc., 797 F.Supp. 581, 536 (E.D.La.1992) (concluding that the availability “punitive damages for willful failure to pay maintenance and cure, a firmly rooted general maritime law claim, is unaffected by Miles because failure to pay is a contractual claim not reached by any maritime statute”).
Other courts have decided differently. See Guevara v. Mar. Overseas Corp., 59 F.3d 1496, 1512 (5th Cir.1995) (en banc) (relying on Miles to overrule a prior panel decision and hold that “punitive damages [are] not ... available in any action for maintenance and cure” (emphasis omitted)); In re J.A.R. Barge Lines, L.P., 307 F.Supp.2d 668, 673 (W.D.Pa.2004) (“Under the Miles uniformity principle, then, punitive damages are unavailable in maintenance and cure actions under general maritime law.”); Blige v. M/V GEECHEE GIRL, 180 F.Supp.2d 1349, 1355 (S.D.Ga.2001) (same); Watters v. Harrah’s Ill. Corp., 993 F.Supp. 667, 676-77 (N.D.Ill.1998) (citing cases coming down on different sides of the issue, but deciding that “[pursuant to the Miles uniformity principle, punitive damages are not recoverable in the tort-like maintenance and cure action” and that “punitive damages should not be recoverable in a contract-like maintenance and cure action if they are not recoverable in a tort-like maintenance and cure action”); Boyd v. Cinmar of Gloucester, Inc., 919 F.Supp. 208, 209-10 (E.D.Va.1996) (“extending” the Supreme Court’s ruling in Miles to bar recovery of punitive damages in maintenance and cure actions).
The bottom line is that courts are divided over whether the reasoning of Miles conflicts with a holding that punitive damages are available in maintenance and cure actions. At least where reasonable jurists may disagree about whether a later Supreme Court decision compels a different answer to an issue decided by an earlier panel, later panels should follow the existing circuit precedent. That is the case here.
Of course, even if an intervening Supreme Court decision does not conflict with a prior panel precedent to the extent of overruling it, en banc rehearing may be granted for the purpose of addressing the issue afresh in light of the reasoning or implications of the Supreme Court decision. Whether to do that, however, is a different question.